# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLIN GREEN, individually and on behalf of all others similarly situated | * * | CIVIL ACTION NO: 14-01688 |
| | * | SECTION "E" (4) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| EBAY INC., a Delaware corporation. | * | |
| | * | MAGISTRATE JUDGE |
| | * | KAREN WELLS ROBY |

**Defendant eBay Inc.'s Memorandum In Support of Its Motion to Dismiss Plaintiff's Class Action Complaint (Fed. R. Civ. P. 12(b)(1) and 12(b)(6))**

Table of Contents

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF FACTS ..................................................................................... 2

    A.   eBay. ........................................................................................................ 2

    B.   The Cyberattack on eBay's Systems. ..................................................... 2

    C.   Plaintiff Collin Green and the Putative Class. ..................................... 2

    D.   eBay's User Agreement and Privacy Policy. ......................................... 3

III. LEGAL STANDARDS ......................................................................................... 3

    A.   Standing. .................................................................................................. 3

    B.   Failure to State a Claim Upon Which Relief Can Be Granted. ............ 4

IV.  ARGUMENT ........................................................................................................ 5

    A.   Plaintiff's Complaint Should Be Dismissed under Rule 12(b)(1) for Lack
        of Article III Standing. ........................................................................... 5

        1.   Plaintiff Has Not Alleged Injury-in-Fact. ................................... 5

            a.   Alleged Increased Risk of Identity Theft. ...................... 5

            b.   Alleged Deprivation of the Value of Personal Information. ........ 10

            c.   Alleged Overpayment for eBay's Services. .................... 10

            d.   Alleged Statutory Violations. ......................................... 12

        2.   Plaintiff Lacks Standing to Assert Non-Louisiana State Claims. ........... 13

    B.   Plaintiff's Complaint Should Be Dismissed under Rule 12(b)(6) for
        Failure to State a Claim Upon Which Relief Can be Granted. ........................ 14

        1.   Plaintiff Fails to State a Claim for Negligence (Count I). ...................... 14

        2.   Plaintiff Fails to State a Claim Under the Stored Communications
            Act, 18 U.S.C. § 2702 (Count II). ............................................. 17

            a.   eBay Does Not Provide a "Remote Computing Service" as
                to the Accessed Information. ......................................... 18

            b.   eBay Did Not "Knowingly Divulge" Plaintiff's
                Information. ..................................................................... 19

            c.   The Accessed Information Was Not the "Contents of Any
                Communication." ........................................................... 20

        3.   Plaintiff Fails to State a Claim Under the Louisiana Database
            Security Breach Notification Law (Count III). .......................... 22

        4.   Plaintiff Fails to State a Claim for Breach of Contract (Count IV). ........ 24

**TABLE OF CONTENTS**
(CONTINUED)

**Page**

5.    Plaintiff Fails to State a Claim for Breach of Implied Contract (Count V). ............................................................................ 26

6.    Plaintiff Fails to State a Claim for Breach of Fiduciary Duty (Count VI). ........................................................................... 27

7.    Plaintiff Fails to State a Claim for Breach of Bailment (Count VII). ....... 28

8.    Plaintiff Fails to State a Claim under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 (Count VIII). ............................................. 29

9.    Plaintiff Fails to State a Claim for Violation of the Privacy Laws of States Other than Louisiana (Count IX)................................... 31

10.    Plaintiff Fails to State a Claim Under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 (Count X)............................. 32

    a.    eBay Is Not a "Consumer Reporting Agency." .......................... 33

    b.    The Accessed Information Does Not Constitute a "Consumer Report."............................................................. 35

    c.    eBay Did Not Violate the Prohibition Against "Improper Disclosure" of Consumer Reports. ............................... 36

C.    Each of Plaintiff's Claims Should Be Dismissed with Prejudice. ...................... 37

V.    CONCLUSION........................................................................... 37

T<small>ABLE OF</small> A<small>UTHORITIES</small>

**Page(s)**

**Cases**

*In re Adobe Sys. Privacy Litig.*,
  No. 13-cv-05226-LHK, 2014 U.S. Dist. LEXIS 124126 (N.D. Cal. Sept. 4, 2014) ...............8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................................... *passim*

*In re Barnes & Nobles Pin Pad Litig.*,
  No. 12-cv-8617, 2013 U.S. Dist. LEXIS 125730 (N.D. Ill. Sept. 3, 2013) ....................6, 9, 11

*Barnett v. First Premier Bank*,
  475 F. App'x 174 (9th Cir. 2012) ..........................................................................29

*In re Beef Indus. Antitrust Litig.*,
  600 F.2d 1148 (5th Cir. 1979) .................................................................................7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................... *passim*

*Bradley v. PayPal, Inc.*,
  No. C 08-3924, 2009 U.S. Dist. LEXIS 36393 (N.D. Cal. Apr. 17, 2009) ...........................33

*Brockman v. Tex. Dep't of Crim. Justice*,
  397 F. App'x 18 (5th Cir. 2010) .............................................................................37

*Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*,
  497 F.3d 546 (5th Cir. 2007) ...................................................................................5

*Citizens Bank of Pa. v. Reimbursement Techs., Inc.*,
  No. 12-1169, 2014 U.S. Dist. LEXIS 82098 (E.D. Pa. June 17, 2014)..................................21

*City of Ontario v. Quon*,
  130 S. Ct. 2619 (2010).........................................................................................18

*Clapper v. Amnesty Int'l USA*,
  133 S. Ct. 1138 (2013).....................................................................................6, 9, 36

*Clements v. Luby Oil Co.*,
  15 La. App. 384 (1930)........................................................................................28

*Cornerstone Christian Schs. v. Univ. Interscholastic League*,
  563 F.3d 127 (5th Cir. 2009) .................................................................................4, 5

*Crispin v. Christian Audigier, Inc.*,
  717 F. Supp. 2d 965 (C.D. Cal. 2010) .....................................................................20

TABLE OF AUTHORITIES
(CONTINUED)

Page(s)

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ................................................................................................4

*David v. Alphin*,
    704 F.3d 327 (4th Cir. 2013) ...............................................................................12

*Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*,
    241 F.3d 420 (5th Cir. 2001) .................................................................................3

*Doe v. Nat'l Bd. of Med. Exam'rs*,
    199 F.3d 146 (3d Cir. 1999) ................................................................................13

*Doe v. Tangipahoa Parish Sch. Bd.*,
    494 F.3d 494 (5th Cir. 2007) .................................................................................4

*Dunmire v. Morgan Stanley DW, Inc.*,
    475 F.3d 956 (8th Cir. 2007) ...............................................................................29

*Favrot v. Favrot*,
    68 So. 3d 1099 (La. Ct. App. 2011) .....................................................................25

*Foxx v. Ocwen Loan Servicing, LLC*,
    No. 11-cv-1766, 2012 U.S. Dist. LEXIS 78864 (M.D. Fla. June 6, 2012) ...........31

*Freedman v. Am. Online, Inc.*,
    412 F. Supp. 2d 174 (D. Conn. 2005) ..................................................................21

*Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ................................................................................................4

*In re G-Fees Antitrust Litig.*,
    584 F. Supp. 2d 26 (D.D.C. 2008) .........................................................................4

*Galaria v. Nationwide Mutual Ins. Co.*,
    Nos. 13-cv-118, 13-cv-257, 2014 U.S. Dist. LEXIS 23798
    (S.D. Ohio Feb. 10, 2014) ...................................................................6, 9, 10, 33

*Garcia v. Unionbancal Corp.*,
    No. C 06-03762 CRB, 2006 U.S. Dist. LEXIS 67896 (N.D. Cal. Sept. 12, 2006) ...............35

*Gladstone, Realtors v. Village of Bellwood*,
    441 U.S. 91 (1979) ..............................................................................................12

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
    988 F. Supp. 2d 434 (D. Del. 2013) .....................................................................10

TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

*Griffin v. Dugger*,
   823 F.2d 1476 (11th Cir. 1987) ........................................................................4, 4

*Holder v. Lockwood*,
   92 So. 2d 768 (La. Ct. App. 1957) ........................................................................29

*Holmes v. Countrywide Fin. Corp.*,
   No. 08-cv-0205, 2012 U.S. Dist. LEXIS 96587 (W.D. Ky. July 12, 2012) ...............34, 35, 36

*Individual Reference Servs. Grp. v. FTC*,
   145 F. Supp. 2d 6 (D.D.C. 2001) ........................................................................35

*Ipreo Holdings LLC v. Thomson Reuters Corp.*,
   No. 09-cv-8099, 2011 U.S. Dist. LEXIS 25356 (S.D.N.Y. Mar. 7, 2011) ............................22

*In re JetBlue Airways Corp., Privacy Litig.*,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005) ....................................................................10, 19, 22

*Jobe v. ATR Mktg., Inc.*,
   No. 96-3396 Section C, 1998 U.S. Dist. LEXIS 18171 (E.D. La. Nov. 13, 1998) ................27

*Jones v. Wal-Mart*,
   No. 09-0044, 2010 U.S. Dist. LEXIS 80422 (W.D. La. June 15, 2010) ..............................31

*Kendall v. Emps. Ret. Plan of Avons Prods.*,
   561 F.3d 112 (2d Cir. 2009).................................................................................12

*Lewis v. Casey*,
   518 U.S. 343 (1996)..........................................................................................10, 13

*Lowe v. ViewPoint Bank*,
   972 F. Supp. 2d 947 (N.D. Tex. 2013) ..................................................................30

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)...........................................................................................4

*In re Magnesium Oxide Antitrust Litig.*,
   No. 10-5943, 2011 U.S. Dist. LEXIS 121373 (D.N.J. Oct. 20, 2011) ...................................13

*McClaine v. Boeing Co.*,
   No. 11-2447, 2013 U.S. Dist. LEXIS 37802 (E.D. La. Mar. 19, 2013) ..............................20

*McCready v. eBay, Inc.*,
   453 F.3d 882 (7th Cir. 2006) ..............................................................................34

## TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

*McGoldrick v. Lou Ana Foods, Inc.*,
    649 So. 2d 455 (La. Ct. App. 1994) ..................................................................25

*Melacon v. La. Office of Student Fin. Assistance*,
    567 F. Supp. 2d 873 (E.D. La. 2008) ...............................................................15

*Moore v. Radian Grp., Inc.*,
    No. 02-41464, 2003 U.S. App. LEXIS 29013 (5th Cir. May 30, 2003) ..............12

*Morlock, L.L.C. v. Bank of N.Y. Mellon Trust Co., N.A.*,
    537 F. App'x 583 (5th Cir. 2013) .....................................................................16

*Moyer v. Michaels Stores, Inc.*,
    No. 14 C 561, 2014 U.S. Dist. LEXIS 96588 (N.D. Ill. July 14, 2014) ..................8

*Niagara Fire Ins. Co. v. Shuff*,
    93 So. 2d 325 (La. Ct. App. 1957) ....................................................................29

*Omnitech Int'l, Inc. v. Clorox Co.*,
    11 F.3d 1316 (5th Cir. 1994) .............................................................................28

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ..........................................................................................13

*Pinero v. Jackson Hewitt Tax Serv. Inc.*,
    594 F. Supp. 2d 710 (E.D. La. 2009) ...........................................................15, 26

*Polanco v. Omnicell, Inc.*,
    988 F. Supp. 2d 451 (D.N.J. 2013) .....................................................................9

*Ponder v. Pfizer, Inc.*,
    522 F. Supp. 2d 793 (M.D. La. 2007) .......................................................15, 23, 28

*Quon v. Arch Wireless Operating Co.*,
    529 F.3d 892 (9th Cir. 2008) .........................................................................18, 20

*Raines v. Byrd*,
    521 U.S. 811 (1997) ..........................................................................................12

*Reilly v. Ceridian Corp.*,
    664 F.3d 38 (3d Cir. 2011) ..................................................................................7

*Remijas v. Neiman Marcus Grp., LLC*,
    No. 14 C 1735, 2014 U.S. Dist. LEXIS 129574 (N.D. Ill. Sept. 16, 2014) ...........7, 9, 37

**TABLE OF AUTHORITIES**
(CONTINUED)

**Page(s)**

*Roberts v. Benoit*,
  605 So. 2d 1032 (La. 1992) ........................................................................14

*Sams v. Yahoo!, Inc.*,
  No. cv-10-5897-JF (HRL), 2011 WL 1884633 (N.D. Cal. May 18, 2011)............................21

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
  Misc. Action No. 12-347 (JEB), MDL 2360, 2014 U.S. Dist. LEXIS 64125
  (D.D.C. May 9, 2014) ....................................................................6, 9, 10

*Smith v. Pizza Hut, Inc.*,
  No. 09-1632, 2011 U.S. Dist. LEXIS 76793 (D. Colo. July 14, 2011) ..................................14

*Smith v. Rainey*,
  747 F. Supp. 2d 1327 (M.D. Fla. 2010)......................................................31

*Smith v. Waverly Partners, LLC*,
  No. 3:10-CV-28, 2011 U.S. Dist. LEXIS 90135 (W.D.N.C. Aug. 12, 2011) ........................35

*In re Sony Gaming Networks & Customer Data Security Breach Litig.*,
  996 F. Supp. 2d 942 (S.D. Cal. 2014)......................................................8, 34

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)......................................................................3

*Strautins v. Trustwave Holdings, Inc.*,
  No. 12 C 09115, 2014 U.S. Dist. LEXIS 32118 (N.D. Ill. Mar. 12, 2014) .................7, 34, 36

*Sullivan v. Leor Energy, LLC*,
  600 F.3d 542 (5th Cir. 2010) ..............................................................4

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009)......................................................................12

*Theofel v. Farey-Jones*,
  359 F.3d 1066 (9th Cir. 2004) ..............................................................20

*Union Tex. Petroleum Corp. v. Mid La. Gas Co.*,
  503 So. 2d 159 (La. Ct. App. 1987)......................................................27

*United States v. Bestfoods*,
  524 U.S. 51 (1998)......................................................................30

*United States v. Standefer*,
  No. 06-cr-2674-H, 2007 U.S. Dist. LEXIS 57768 (S.D. Cal. Aug. 8, 2007) ........................19

TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

*Wallace v. ConAgra Foods, Inc.*,
  747 F.3d 1025 (8th Cir. 2014) ..........................................................................13

*Washington v. CSC Credit Services Inc.*,
  199 F.3d 263 (5th Cir. 2000) ......................................................................34, 36

*In re Wellbutrin XL Antitrust Litig.*,
  260 F.R.D. 143 (E.D. Pa. 2009)..................................................................13, 14

*Wesson v. Oglesby*,
  910 F.2d 278 (5th Cir. 1990) ..........................................................................19

*Whitmore v. Ark.*,
  495 U.S. 149 (1990)...........................................................................................4

*Willey v. J.P. Morgan Chase, N.A.*,
  No. 09-cv-1397, 2009 U.S. Dist. LEXIS 57826 (S.D.N.Y. July 7, 2009)..............33

*Willingham v. Global Payments, Inc.*,
  No. 1:12-CV-1157 RWS, 2013 U.S. Dist. LEXIS 27764 (N.D. Ga. Feb. 5, 2013) ....13, 14, 36

*Wilson v. Glenwood Intermountain Props., Inc.*,
  98 F.3d 590 (10th Cir. 1996) ..........................................................................13

*Wolcott v. Sebelius*,
  635 F.3d 757 (5th Cir. 2011) ..........................................................................30

*Worix v. MedAssets, Inc.*,
  869 F. Supp. 2d 893 (N.D. Ill. 2012) ................................................................20

**Constitution**

U.S. Const. art. III .............................................................................. *passim*

**Federal Statutes**

15 U.S.C.,
  § 1681.............................................................................................................33
  § 1681a..............................................................................................34, 35, 36
  § 1681b.....................................................................................................34, 36
  § 6801.............................................................................................................29
  § 6805.............................................................................................................29

TABLE OF AUTHORITIES
(CONTINUED)

Page(s)

18 U.S.C.
   § 2510......................................................................................................17, 20, 21, 22
   § 2701......................................................................................................17
   § 2702...................................................................................................... *passim*
   § 2703......................................................................................................21
   § 2707......................................................................................................17, 19
   § 2711......................................................................................................17, 18

**Louisiana Statutes**

La. Rev. Stat. Ann.
   § 51:3071.................................................................................................23
   § 51:3072.................................................................................................23
   § 51:3073.................................................................................................22, 23, 24
   § 51:3074.................................................................................................22, 23, 24
   § 51:3075.................................................................................................23

**Other State Statutes**

Ariz. Rev. Stat. Ann. § 44-7501(H) ...........................................................32

Ark. Code Ann. § 4-110-108 ....................................................................32

Colo. Rev. Stat. § 6-1-716 ........................................................................32

Conn. Gen. Stat. § 36a-701b .....................................................................32

Del. Code Ann. § 12B-104 ........................................................................32

Fla. Stat. § 817.5681 ................................................................................32

9 Guam Code Ann. § 48.50 .......................................................................32

Idaho Code Ann. § 28-51-107 ...................................................................32

Maine Rev. Stat. Ann. Tit. 10, § 1349(1) ..................................................32

Mass. Gen. Laws ch. 93H, § 6 ..................................................................32

Mich. Comp. Laws § 445.61, § 12(13)-12(15) ...........................................32

Miss. Code § 75-24-29(8) .........................................................................32

Mo. Rev. Stat. § 407.1500(3)(4) ...............................................................32

TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

N.D. Cent. Code § 51-30-07 ...............................................................................32

Neb. Rev. Stat. § 87-806 .....................................................................................32

73 Pa. Stat. § 2308 ...............................................................................................32

Utah Code § 13-44-301 ........................................................................................32

Vt. Stat. Ann. Tit. 9, § 2435(g) ...........................................................................32

W. Va. Code § 46A-2A-104(b), (c) .....................................................................32

Wyoming Stat. § 40-12-502(f).............................................................................32

**Other Authorities**

Federal Rules of Civil Procedure
    Rule 8 ...........................................................................................................31, 33
    Rule 12(b)(1)...................................................................................................3, 5
    Rule 12(b)(6)...................................................................................................4, 14

Orin S. Kerr, *A User's Guide to the Stored Communications Act and a
    Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1230 (2004) .........19, 21, 22

## I.   INTRODUCTION

Plaintiff brings this putative class action seeking to capitalize on a cyberattack on eBay's computer network in which criminal hackers accessed a database containing non-financial eBay user information and encrypted passwords.  Plaintiff's claims fail because he has not alleged any cognizable injury whatsoever, and he thus lacks Article III standing.  Plaintiff does not allege that he has been injured by misuse of the stolen information.  He does not allege that anyone has used his password, or that anyone has even tried to commit identity fraud with his information— let alone that anyone has actually succeeded in doing so—and that he has thereby suffered harm. Instead, Plaintiff relies on vague, speculative assertions of *possible future* injury—that *maybe* at some point in the *future*, he *might* be harmed.  In fact, he concedes that an injury may never materialize, alleging explicitly that he may "never [be] subject to active identity fraud."  (Compl. ¶¶ 74, 85.)  But the speculative possibility of future injury does not constitute injury-in-fact. Because Plaintiff has not alleged specific facts constituting an injury that is present or "certainly impending," Plaintiff lacks standing and the Complaint must be dismissed.

Separately, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff takes a "shotgun" approach to pleading his claims, asserting no fewer than ten causes of action, including one under a statute that does not provide a private right of action and another under a statute that was repealed before the Complaint was filed.  As discussed in more detail below, each of Plaintiff's ten asserted claims is deficient, most for multiple independent reasons. In some cases, Plaintiff's claims do not even meet the notice-pleading standard of Rule 8.

In sum, Plaintiff has not alleged facts showing that he has standing to bring this case or that he has any legally sufficient claim even if he did have standing.  Because any further amendment would be futile given the fundamental problems with Plaintiff's allegations, the Complaint should be dismissed with prejudice.

## II.   STATEMENT OF FACTS[1]

### A.   eBay.

eBay operates the website www.ebay.com, which provides users with access to one of the world's largest online marketplaces, connecting millions of buyers and sellers worldwide. (Compl. ¶¶ 3, 9, 13.)  eBay is available at no cost to anyone age 18 or older who wants to join, and users are charged fees only when they sell items on eBay.  (Request for Consideration of Documents Incorporated into Plaintiff's Class Action Complaint and for Judicial Notice ("Request for Consideration of Documents"), Exs. B-C; *see also* Compl. ¶ 75.)

### B.   The Cyberattack on eBay's Systems.

On May 21, 2014, eBay disclosed that in February or March 2014, criminal hackers accessed eBay's computer network without authorization and accessed a database (the "Unauthorized Access") that contained users' names, encrypted passwords, email addresses, physical addresses, phone numbers, and dates of birth (collectively, the "Accessed Information").  (Compl. ¶¶ 4, 18.)  Plaintiff further alleges that the hackers "reportedly copied" the Accessed Information.  (*Id.* ¶ 18.)  Plaintiff does not allege that any of the Accessed Information was posted publicly or used in any way, or that any other types of user information were stolen.  Although Plaintiff questions eBay's encryption method for user passwords (*id.* ¶ 38), he does not allege that any passwords actually have been decrypted.

### C.   Plaintiff Collin Green and the Putative Class.

Plaintiff Collin Green alleges that he is a Louisiana resident who had an eBay account and that he received a notification from eBay on or around May 21, 2014 informing him that he needed to change his password because of the cyberattack.  (Compl. ¶¶ 8, 43.)  He does not

---

[1] This statement is based on the allegations in the Complaint, which eBay does not hereby admit.

allege that he ever paid any fees to eBay.  He also does not allege that any of his sensitive financial information was stolen or that it was subsequently used by the thieves without permission.  Although, in a desperate effort to manufacture a claim, he alleges that he has suffered an increased risk of identity theft and that he has expended costs to mitigate that risk (*id.* ¶¶ 28, 61, 77, 87, 91, 120), he does not provide any factual support identifying what these purported expenditures actually were.

Plaintiff brings this action on behalf of a putative class consisting of "all customers of eBay in the United States that provided personal information to eBay, and had their personal information accessed by unauthorized third parties by breaching eBay's security system." (Compl. ¶ 123.)

### D. eBay's User Agreement and Privacy Policy.

eBay users agree to eBay's User Agreement, which incorporates eBay's Privacy Policy. (*Id.* ¶¶ 68-69.)  The Privacy Policy describes the steps that eBay takes to reduce the risk of unauthorized access to user information, but does not offer an absolute guarantee that user information will never be the subject of a cyberattack.  Instead it states, "We protect your information using technical and administrative security measures to *reduce the risks* of loss, misuse, unauthorized access, disclosure and alteration."  (*Id.* ¶ 69 (emphasis added).)

## III. LEGAL STANDARDS

### A. Standing.

Unless a plaintiff establishes standing under Article III of the U.S. Constitution, a federal court does not have subject matter jurisdiction to hear the case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).  If a complaint does not establish standing, a federal court must dismiss the case under Federal Rule of Civil Procedure 12(b)(1).  *Id.*; *Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001).  The burden of

establishing standing rests on the plaintiff.  *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 498 (5th Cir. 2007).

      To have Article III standing, a plaintiff must have experienced "injury in fact," which is "an injury to himself that is 'distinct and palpable' as opposed to merely '[a]bstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'"  *Whitmore v. Ark.*, 495 U.S. 149, 155 (1990) (citations omitted).  Hypothetical future harms do not suffice; only future harms that are "imminent" and "*certainly* impending" can constitute injury in fact.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n.2 (1992); *Whitmore*, 495 U.S. at 155, 158.  To establish standing, a plaintiff also must allege that the injury is "fairly traceable" to the defendant's challenged conduct and that it is likely, not merely speculative, that the injury will be redressed by a favorable decision.  *Lujan*, 504 U.S. at 590; *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).  And a plaintiff has the burden to demonstrate standing for *each* claim asserted; a plaintiff who has Article III standing to maintain one claim may not leverage that standing to seek an individual or class remedy for a second claim as to which the plaintiff lacks standing.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352-53 (2006); *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987).

      To assess whether a plaintiff's allegations are sufficient to satisfy Article III, a court must apply the pleading standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  *Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 133-34 (5th Cir. 2009) (applying *Twombly* standard to Article III standing determination).

### B.    Failure to State a Claim Upon Which Relief Can Be Granted.

      A court must dismiss a complaint under Rule 12(b)(6) where it fails to allege facts sufficient to support a cognizable legal claim.  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).  "[L]abels and conclusions, and a formulaic recitation of the elements of a cause

of action will not [survive a motion to dismiss]," and "courts are not bound to accept as true a legal conclusion couched as a factual allegation."   *Twombly*, 550 U.S. at 555-56 (internal quotation marks and citation omitted).  Instead,

> [a] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Furthermore, while a court must accept all well-pleaded factual allegations as true, unwarranted conclusions and inferences need not be accepted.  *See Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007).

## IV.   ARGUMENT

### A.   Plaintiff's Complaint Should Be Dismissed under Rule 12(b)(1) for Lack of Article III Standing.

Plaintiff lacks standing to assert any claims based on the Unauthorized Access because he has not alleged a cognizable Article III injury-in-fact.  Plaintiff has not included any factual allegations of actual, concrete harm but instead alleges only that (a) he *might* suffer *future* injury and that he has had to take steps to mitigate this speculative injury, (b) he has been "deprived of the value" of the information that was stolen, and (c) class members overpaid for eBay's services based on eBay's failure to prevent the data breach.  The Court should reject each argument under applicable precedent.

#### 1.   Plaintiff Has Not Alleged Injury-in-Fact.

##### a.   Alleged Increased Risk of Identity Theft.

Plaintiff does not include any allegations supporting his conclusory statement that he has suffered "actual identity theft" (Compl. ¶¶ 61, 77, 87, 91, 120), and thus cannot establish standing.  *See Twombly*, 550 U.S. at 555; *Cornerstone Christian Schs.*, 563 F.3d at 133-134

(applying *Twombly* standard to Article III standing determination).  Instead, Plaintiff alleges that he is subject to an increased *risk* of identity theft following the Unauthorized Access.  (Compl. ¶¶ 28, 61, 77, 87, 91, 120.)  This allegation fails to meet the requirements for Article III standing. The Supreme Court has recently reaffirmed that to establish standing based on a future injury, a plaintiff must show that the injury is "imminent" and "certainly impending."  *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146-47 (2013) (collecting cases).  Allegations of *possible* future injury are insufficient to confer standing, a concern that is highlighted where the plaintiff advances "theories that rest on speculation" about what "independent actors" might do in the future  *See id.* at 1150.

Following *Clapper*, courts consistently hold that plaintiffs in data breach cases cannot establish injury-in-fact merely by alleging an increased risk of identity theft or by alleging out-of-pocket costs incurred to mitigate this speculative risk.  *See, e.g.*, *Galaria v. Nationwide Mutual Ins. Co.*, Nos. 13-cv-118, 13-cv-257, 2014 U.S. Dist. LEXIS 23798, at *15-18 (S.D. Ohio Feb. 10, 2014) (reasoning that misuse of a plaintiff's information is not "certainly impending" when a third-party criminal only *might* use stolen information to commit fraud); *In re Barnes & Nobles Pin Pad Litig.*, No. 12-cv-8617, 2013 U.S. Dist. LEXIS 125730, at *2-5, *12 (N.D. Ill. Sept. 3, 2013) (where criminals potentially stole customer credit and debit information from numerous stores owned by defendant, and one plaintiff experienced fraudulent credit card charges, plaintiffs' allegedly increased risk of identity theft did not confer standing); *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, Misc. Action No. 12-347 (JEB), MDL 2360, 2014 U.S. Dist. LEXIS 64125, at *5-6, *24-25 (D.D.C. May 9, 2014) (finding no injury-in-fact where criminals stole tapes containing personal information and medical records because, *inter alia*, whether plaintiffs would suffer identity theft was "entirely

dependent on the actions of an unknown third party – namely, the thief"); *Strautins v. Trustwave Holdings, Inc.*, No. 12 C 09115, 2014 U.S. Dist. LEXIS 32118, at *1-2, *10-23 (N.D. Ill. Mar. 12, 2014) (finding no standing where cyberattack led to massive exposure of taxpayers' social security numbers and credit and debit card numbers, because whether any plaintiffs or class members "actually become victims of identity theft as a result of the data breach depends on a number of variables, such as . . . whether anyone who obtained the data attempted to use it, and whether or not they succeeded"); *Remijas v. Neiman Marcus Grp., LLC*, No. 14 C 1735, 2014 U.S. Dist. LEXIS 129574, at *7-10 (N.D. Ill. Sept. 16, 2014) (holding that even plaintiffs who experienced fraudulent credit card charges following data breach did not allege an injury-in-fact, because unauthorized charges did not create a certainly impending risk of identity theft and they did not allege that the charges went unreimbursed); *see also Reilly v. Ceridian Corp.*, 664 F.3d 38, 43-46 (3d Cir. 2011) (pre-*Clapper*).

Plaintiff's allegations do not demonstrate the "imminent" and "certainly impending" injury-in-fact that is required for Article III standing.  Rather, the Complaint is predicated on speculation about what third parties *might possibly* do with the Accessed Information—i.e., speculation about possible future identity theft that Plaintiff may never actually experience. (*See, e.g.*, Compl. ¶ 33 (alleging that "[c]riminals who now possess Plaintiffs' and the class members' personal information *may* hold the information for later use, or continue to sell it between identity thieves") (emphasis added); *see also id.* ¶¶ 21, 33 (alleging, based on unidentified sources, that individuals whose personal information is stolen have approximately ten times greater risk of identity fraud).).  Indeed, Plaintiff *concedes* that his allegations of identity theft are mere speculation, admitting that he and the putative class may "never [be] subject to active identity fraud." (Compl. ¶¶ 74, 84; *cf. Strautins*, 2014 U.S. Dist. LEXIS 32118,

at *15 (observing that while plaintiff had alleged a statistically elevated risk of identity fraud, "this statistic only confirms that many people whose [personally identifiable information] are exposed in a data breach do not become victims of identity theft").)  Furthermore, while Plaintiff does not allege that his password has been decrypted or used, he also does not (and cannot) allege that, even if a third party were to decrypt his password and log into his eBay account,[2] sensitive information such as his credit card, bank account, or social security numbers are even available in his account information.

In contrast to Plaintiff's situation, some post-*Clapper* decisions have held that plaintiffs may have standing where sensitive financial information is stolen and the plaintiff has included a concrete allegation of non-speculative injury-in-fact based on actual misuse of such information. *See, e.g.*, *In re Sony Gaming Networks & Customer Data Security Breach Litig.*, 996 F. Supp. 2d 942, 961-63 (S.D. Cal. 2014) (finding standing based on increased risk of identity theft where credit and debit card information was stolen and some users had already experienced unauthorized charges); *Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 U.S. Dist. LEXIS 96588, at *6, *18-19 (N.D. Ill. July 14, 2014) (plaintiff suffered fraudulent charges); *In re Adobe Sys. Privacy Litig.*, No. 13-cv-05226-LHK, 2014 U.S. Dist. LEXIS 124126, at *6-7, *27-28, *31-32 (N.D. Cal. Sept. 4, 2014) (credit card numbers and expiration dates were stolen in breach; hackers had already decrypted credit card numbers and misused information stolen in the data breach).  These cases do not apply here, because Plaintiff does not even allege that any of his sensitive financial data was stolen, let alone that it has actually been misused.

---

[2] Of course, if a hacker were to decrypt Plaintiff's password and use it to log into his eBay account, it would mean that Plaintiff ignored eBay's email informing him of the data breach and telling him to change his password.  (*See* Compl. ¶ 21.)

While Plaintiff also alleges that he spent time and incurred (or will incur) costs to mitigate the risk of possible future identity theft (*see, e.g.*, Compl. ¶¶ 34, 74, 84), such allegations do not establish standing.  A plaintiff cannot manufacture standing by voluntarily incurring costs based on fear of possible, speculative future harm.  *Clapper*, 133 S. Ct. at 1150-51.  Otherwise, an "enterprising plaintiff" could create Article III standing "simply by making an expenditure based on a non-paranoid fear."  *Id*. at 1151.  Courts thus consistently hold that plaintiffs do not have standing on the basis of having incurred costs associated with credit monitoring or other "mitigation" of a speculative risk of identity theft.  *See, e.g., Galaria*, 2014 U.S. Dist. LEXIS 23798, at \*25-27 ("expenditures in order to mitigate a purely speculative harm" do not create standing); *Barnes & Noble*, 2013 U.S. Dist. LEXIS 125730, at \*11-12; *SAIC*, 2014 U.S. Dist. LEXIS 64125, at \*25-26 (no standing based on mitigation of harm where plaintiffs neither identified the expenses with specificity nor alleged imminent harm); *cf. Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469-71 (D.N.J. 2013) (plaintiff's costs incurred by driving to more distant hospitals rather than using the hospital where data breach occurred did not confer standing).

Not only would such expenditures be based on a purely speculative risk of future harm, Plaintiff has not alleged any actual or specific expenses or time spent to mitigate the purported risk of identity theft.  Thus, his allegations also fail to meet the *Iqbal/Twombly* pleading standard.  *See Iqbal*, 556 U.S. at 678 (requiring that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotations and citation omitted)); *Twombly*, 550 U.S. at 555-56; *see also Remijas*, 2014 U.S. Dist. LEXIS 129574, at \*11 (dismissing for lack of standing where "the complaint contain[ed] no meaningful allegations as to what precisely the costs incurred to mitigate the risk of future fraudulent charges were").

**b.     Alleged Deprivation of the Value of Personal Information.**

Plaintiff also alleges that he has suffered "deprivation of the value of [his] personal information, for which there is a well-established international market."  (Compl. ¶¶ 61, 77, 87, 91, 120.)   These allegations also do not confer standing because personal information or personally identifiable information (sometimes called "PII") does not in itself have monetary value.  *See, e.g.*, *Willingham v. Global Payments, Inc.*, No. 1:12-CV-1157 RWS, 2013 U.S. Dist. LEXIS 27764, at *23 (N.D. Ga. Feb. 5, 2013) ("Plaintiffs' PII does not have an inherent monetary value."); *see also In re JetBlue Airways Corp., Privacy Litig.*, 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005) (disclosure of passenger data to third party in violation of airline's privacy policy had no compensable value).

Further, even assuming *arguendo* that Plaintiff's PII has monetary value to him, the deprivation of which could confer standing, Plaintiff would need to allege facts to establish that he was actually deprived of that value in order to establish standing.  *See, e.g.*, *Galaria*, 2014 U.S. Dist. LEXIS 23798, at *30-34; *SAIC*, 2014 U.S. Dist. LEXIS 64125, at *37-38; *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 988 F. Supp. 2d 434, 441-42 (D. Del. 2013).  He has not done so, and his allegations are thus insufficient to confer standing.

**c.     Alleged Overpayment for eBay's Services.**

Finally, while Plaintiff alleges that putative class members overpaid for eBay's services (Compl. ¶¶ 75-76, 85-86), such allegations do not confer standing on Plaintiff because Plaintiff does not allege that *he* paid any fees to eBay.  Nor does he allege that he would not have used eBay or paid fees to eBay if he had known of eBay's purportedly deficient security.  He thus lacks standing to represent a class of users who have paid fees to eBay.  *Lewis v. Casey*, 518 U.S.

343, 356 (1996) (a putative class representative must demonstrate a personal injury, not claim injuries suffered by other unidentified members of the class he or she purports to represent).[3]

Even if Plaintiff could represent putative class members who paid fees to eBay (he cannot), he has not alleged that those users suffered an injury-in-fact.  First, it is not plausible to infer, *see Iqbal*, 556 U.S. at 678, that eBay users paid fees for security measures rather than for access to eBay's online marketplace, since eBay provides the same security measures to all users, whether or not they make sales on eBay (and thus pay fees to eBay).[4]  *See Barnes & Noble*, 2013 U.S. Dist. LEXIS 125730, at *14-15 (plaintiffs' allegation that they overpaid for their purchase because they were paying for security measures to protect credit card transactions did not establish standing, particularly as plaintiffs did not plead that defendant "charged a higher price for goods whether a customer pays with credit, and therefore, that additional value is being expected in the use of a credit card").

Second, Plaintiff's allegation of "overpayment" is based on his allegation that eBay promised in its Privacy Policy to protect users' personal information and that eBay did not adequately protect this information, including information of users who paid fees.  (*See* Compl. ¶¶ 69, 71, 75.)  But, as discussed below (*infra* § IV.B.4), eBay's Privacy Policy does not provide an absolute guarantee against misuse of or unauthorized access to user information.  Instead, it

---

[3] In fact, while Plaintiff references "fees" paid to eBay and states that "all putative class members who paid fees to eBay suffered additional damages," there are no allegations concerning what fees are paid and by whom.  Indeed, eBay is free to use, and users are charged fees only when they list and sell items on eBay.  (Request for Consideration of Documents, Exs. B-C.)

[4] Plaintiff also alleges that eBay displaced the expense associated with its risk of security breach onto its users by carrying insurance policies with low coverage limits.  (Compl. ¶ 41.)  This allegation cannot create standing because (a) it is pure speculation and (b) even if not speculative, it would say nothing about how *users*, including Plaintiff, are harmed by such alleged underinsurance.

merely says that eBay "protect[s] [user] information using technical and administrative security measures to <u>reduce</u> the risks of loss, misuse, unauthorized access, disclosure, and alteration." (Compl. ¶ 69 (emphasis added).)   Plaintiff thus has not alleged that there is a breach of the Privacy Policy, let alone injury fairly traceable to such a breach.

### d.   Alleged Statutory Violations.

Nor does the mere allegation of a statutory violation create standing as to that claim without an allegation that the plaintiff also suffered a resulting concrete, non-speculative, actual or certainly impending injury, as the Supreme Court has stated in several cases.   *See Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[I]njury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute."); *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("In no event, however, may Congress abrogate the Art. III minima: A plaintiff must always have suffered 'a distinct and palpable injury to himself[.]'" (citation omitted)).   Similarly, the Fifth Circuit and several of its sister circuits have recognized that even if a plaintiff alleges a statutory violation, in order to have standing, the plaintiff also must plead actual injury.   *See, e.g.*, *Moore v. Radian Grp., Inc.*, No. 02-41464, 2003 U.S. App. LEXIS 29013, at *19-20 (5th Cir. May 30, 2003) (holding that violation of federal real estate statute did not create standing in the absence of concrete economic injury to plaintiff); *Kendall v. Emps. Ret. Plan of Avons Prods.*, 561 F.3d 112, 121 (2d Cir. 2009) ("[w]hile plan fiduciaries have a statutory duty to comply with ERISA . . . [plaintiff] must allege some injury or deprivation of a specific right that arose from a violation of that duty in order to meet the injury-in-fact requirement"); *David v. Alphin*, 704 F.3d 327, 338-39 (4th Cir. 2013) (rejecting the argument that a mere deprivation of statutory right constitutes Article III injury:

"this theory of Article III standing is a non-starter as it conflates statutory standing with constitutional standing"); *Wilson v. Glenwood Intermountain Props., Inc.*, 98 F.3d 590, 595-96 (10th Cir. 1996) (no standing to bring Fair Housing Act claim concerning advertisements of gender-segregated housing where plaintiffs did not allege actual injury); *Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 153 (3d Cir. 1999) ("The proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated. . . . Congress . . . cannot confer standing by statute alone."); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1032-33 (8th Cir. 2014) (no Article III standing, and the Class Action Fairness Act does not extend federal jurisdiction, as to state "statutory violations without any evidence the plaintiffs personally suffered a real, non-speculative injury in fact").

Because, in addition to the reasons discussed above (*supra* § IV.A.1.a–c), the alleged statutory violations in this case (Counts II, VIII, IX, and X) are not accompanied by allegations of concrete injury to Plaintiff that resulted from the alleged statutory violations, there is no standing as to these four claims.

### 2.    Plaintiff Lacks Standing to Assert Non-Louisiana State Claims.

In Count IX of the Complaint, Plaintiff alleges that eBay's failure to protect his personal information violates the laws of at least 46 jurisdictions other than Louisiana.  (Compl. ¶ 105.) But a plaintiff lacks standing to assert claims under the laws of states in which he does not reside and does not allege that he was injured.  *Lewis*, 518 U.S. at 357 (class action plaintiffs cannot establish standing by alleging "'that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent'" (citation omitted)); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).[5]  As one court has explained,

---

[5]  *See also In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 U.S. Dist. LEXIS 121373, at *24-38 (D.N.J. Oct. 20, 2011); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 158 (E.D.

> [t]he alternative . . . would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union.  At the conclusion of that discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share.  That would present the precise problem that the limitations of standing seek to avoid.

*In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. at 155.  Because Plaintiff lacks Article III standing to assert claims on behalf of the putative class under the laws of states in which he does not reside and does not allege that he suffered any injury, Count IX should be dismissed.

* * *

For the foregoing reasons, Plaintiff does not have standing under Article III and the Complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

> **B.    Plaintiff's Complaint Should Be Dismissed under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted.**

Even if Plaintiff did have Article III standing (he does not), each of Plaintiff's numerous claims is insufficiently pled, and each should be dismissed under Rule 12(b)6) for failure to state a claim.

> **1.    Plaintiff Fails to State a Claim for Negligence (Count I).**

To state a claim for negligence, Plaintiff must allege (1) that eBay owed Plaintiff a duty, (2) that eBay breached that duty, (3) that eBay's breach was the cause-in-fact of Plaintiff's injuries, (4) that eBay's breach was a legal cause of Plaintiff's injuries, and (5) actual damages. *See Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1992).  Plaintiff's claim for negligence should be dismissed because he cannot allege actual damages, and he has not alleged that eBay has

---

Pa. 2009); *In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 35-36 (D.D.C. 2008); *Smith v. Pizza Hut, Inc.*, No. 09-1632, 2011 U.S. Dist. LEXIS 76793, at *29-30 (D. Colo. July 14, 2011); *see also Griffin*, 823 F.2d at 1483.

breached any duty to him by not preventing the attack or by the timing of eBay's notification of customers regarding the attack.

First, Plaintiff does not allege that he suffered any actual damages.  Plaintiff alleges only an increased risk of identity theft and a need for credit monitoring.[6]  (Compl. ¶¶ 28, 34.) Louisiana courts have repeatedly held that this type of speculative "damage" is insufficient to support a negligence claim.  *See Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 713-16 (E.D. La. 2009) (dismissing various claims, including one for negligence, related to the alleged improper disposal of plaintiff's private information, in part because plaintiff did not allege that anyone "used any of her information in an unauthorized manner" and therefore did not show any actual damage resulting from the unauthorized disclosure of her tax returns); *Ponder v. Pfizer, Inc.*, 522 F. Supp. 2d 793, 798 (M.D. La. 2007) (plaintiff's "current burden of monitoring their credit, scrutinizing account statements, and closing and opening accounts" did not constitute actual damages, since plaintiffs did not allege "that someone actually used the disclosed information to his detriment"); *Melacon v. La. Office of Student Fin. Assistance*, 567 F. Supp. 2d 873, 877 (E.D. La. 2008) ("[T]he mere possibility that personal information may be at

---

[6] As set forth above (*supra* § IV.A.1.a), Plaintiff does not allege that he has actually spent any time or money on credit monitoring or other identity-theft prevention efforts.  Thus, Plaintiff fails to allege that he has suffered even these non-compensable "damages."

Additionally, later in the Complaint, Plaintiff adds the vague and conclusory allegation that he and the Putative Class were deprived "of the value of their personal information, for which there is a well-established international market."  (Compl. ¶ 61.)  Even if this allegation were incorporated into Plaintiff's negligence claim (it is not), Plaintiff does not allege that his information was ever used without his authorization and therefore cannot establish that he was somehow deprived of its value or, even if the information were used, how that would deprive him of its value.  Like Plaintiff's other "damages," Plaintiff's alleged "deprivation of the value of [his] personal information" is purely speculative and thus insufficient to support a negligence claim.

increased risk does not constitute actual injury sufficient to maintain a claim for negligence under the current state of Louisiana law.").

Second, Plaintiff alleges no facts establishing that eBay breached any duty to him by not preventing the attack.  Plaintiff does not identify any weaknesses in eBay's security system that purportedly contributed to the Unauthorized Access.[7]  In fact, Plaintiff fails to mention a single action that eBay might have taken to prevent the Unauthorized Access, instead inferring from the fact of the Unauthorized Access that eBay was at fault.  Such unsupported inferences are insufficient to state a claim.  *See Morlock, L.L.C. v. Bank of N.Y. Mellon Trust Co., N.A.*, 537 F. App'x 583, 585 (5th Cir. 2013) (in considering a motion to dismiss, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (citation omitted)).

Third, Plaintiff fails to allege that the timing of eBay's customer notification regarding the Unauthorized Access constituted a breach of eBay's duties.  Plaintiff alleges that eBay notified its customers "after the security breach had been reported by independent internet sources" and complains that eBay's notification was not made "as soon as possible."  (Compl. ¶¶ 21, 47.)  However, Plaintiff does not (and cannot) allege that eBay delayed its notification beyond what was necessary to determine the extent and nature of the breach and to provide accurate and effective notice.  Furthermore, Plaintiff cannot show that the alleged delay in notification caused him any harm, since he does not allege that anyone used his personal information between the date of the cyberattack and the date of eBay's customer notification, or that any such use might have been prevented by earlier notice.  Nor does Plaintiff's allegation that he needs to monitor for identity theft as a result of the Unauthorized Access (Compl. ¶¶ 33,

---

[7] While Plaintiff alleges that eBay's encryption practices were substandard, Plaintiff does not claim that these alleged deficiencies contributed in any way to the security breach.  Nor does he allege that identity thieves actually exploited any encryption deficiencies to decrypt his personal information and use it to his detriment.  (*See* Compl. ¶¶ 37-38.)

34) rectify this pleading deficiency; that alleged harm would be the same whether or not eBay notified users of the Unauthorized Access the instant eBay discovered it or after eBay had investigated it.  In short, none of Plaintiff's alleged harms would have been any different had eBay provided earlier notification of the breach.

**2. Plaintiff Fails to State a Claim Under the Stored Communications Act, 18 U.S.C. § 2702 (Count II).**

Plaintiff fails to state a claim for violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA").  Specifically, Plaintiff alleges that eBay provides "remote computing services"[8] under the SCA and that it violated § 2702 of the SCA by recklessly or negligently failing to take appropriate security measures to protect users' personal information.  (Compl. ¶¶ 58-59.)  Plaintiff also alleges that eBay "knowingly divulg[ed]" Plaintiff's information to criminal hackers by failing to take commercially reasonable steps to protect it.  (*Id.* ¶¶ 59-60.)

Section 2702(a)(2) provides:

> a person or entity providing remote computing service to the public shall not <u>knowingly divulge</u> to any person or entity the <u>contents of any communication</u> which is carried or maintained on that service –
>
> (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;
>
> (B) <u>solely for the purpose of providing storage or computer processing services</u> to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing . . . .

---

[8] "Remote computing service" is defined in 18 U.S.C. § 2711 as "the provision to the public of computer storage or processing services by means of an electronic communications system" (the latter term, in turn, is defined in 18 U.S.C. § 2510).

The SCA makes a distinction between entities providing "remote computing services" ("RCS") (e.g., providing users with offsite computer storage or data or file processing) and "electronic communication services" ("ECS") (e.g., the transfer of electronic messages such as email).

17.

18 U.S.C. § 2702(a)(2) (emphasis added).  In addition, a plaintiff may bring a civil action only if the defendant engaged in the violation of § 2702 "with a knowing or intentional state of mind." 18 U.S.C. § 2707(a).

Plaintiff has failed to state a claim under § 2702(a) because he has not alleged that (a) eBay is a remote computing service with respect to the information in question—i.e., that the information was provided to eBay "solely for the purposes of providing storage or computer processing services," (b)  eBay "knowingly divulged" such information, and (c) the information at issue was the "contents of any communication."

### a.   eBay Does Not Provide a "Remote Computing Service" as to the Accessed Information.

eBay is not a remote computing service provider with respect to the information that was accessed by the hackers.  To be a remote computing service (RCS) provider, one must provide "computer storage or processing services" to the public.  18 U.S.C. § 2711(2).  In addition, section 2702(a)(2) covers only RCS providers that carry or maintain communications "<u>solely</u> for the purpose of providing storage or computer processing services to such subscriber or customer . . . ."  *Id.* § 2702(a)(2) (emphasis added).  A RCS provider furnishes "computer storage . . . services" when it "operates "as a virtual filing cabinet."  *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 901-02 (9th Cir. 2008) (citing S. Rep. No. 99-541, at 2-3 (1986)), *rev'd on other grounds by City of Ontario v. Quon*, 130 S. Ct. 2619 (2010).  "Computer processing services" refers to data outsourcing to a remote third party for "sophisticated processing"—services that were far more common at the time the SCA was enacted, before personal computers and software were powerful enough to handle most such processing.  *Id*. at 902.

Plaintiff has not alleged that he provided the Accessed Information to eBay for storage or processing services.  Instead, he alleges explicitly that he provided such information to eBay in

order "to access eBay's website" and "to access eBay's buy/sell functions . . . ."  (Compl. ¶¶ 43,

59.)  Plaintiff thus has not alleged that eBay provided "remote computing services" with respect

to the Accessed Information.  *See, e.g.*, *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp.

2d 299, 310 (E.D.N.Y. 2005) (JetBlue's website did not make it a RCS provider because

plaintiffs had not alleged that it provides computer processing services or storage).  As Professor

Orin Kerr has explained, eBay does not provide "processing services" because "a user does not

outsource tasks to eBay but rather uses eBay as a destination for the user's requests concerning

buying and selling items."  Orin S. Kerr, *A User's Guide to the Stored Communications Act and*

*a Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1230 (2004); *see also United*

*States v. Standefer*, No. 06-cr-2674-H, 2007 U.S. Dist. LEXIS 57768, at *13-14 (S.D. Cal. Aug.

8, 2007) (citing with approval Professor Kerr's conclusion that eBay does not provide RCS).

Because eBay is not a RCS as to the Accessed Information, Plaintiff's SCA claim fails.

### b.    eBay Did Not "Knowingly Divulge" Plaintiff's Information.

Plaintiff also does not properly allege that eBay "knowingly divulged" his information,

18 U.S.C. § 2702(a)(2), or that eBay violated the SCA "with a knowing or intentional state of

mind, *id.* § 2707(a).  While he alleges that eBay "knowingly divulged the personal information

of the class members to thieves" (Compl. ¶ 60), his allegation is conclusory, unsupported, and

facially implausible.  *See Iqbal*, 556 U.S. at 678 (a complaint must state facially plausible claim

to relief); *Twombly*, 550 U.S. at 555-56 (labels and conclusions, and a formulaic recitation of the

elements of a cause of action, will not survive a motion to dismiss).

Moreover, Plaintiff's allegation is flatly inconsistent with his allegations that "eBay's

files were accessed by identity thieves, <u>without eBay's permission</u>" (Compl. ¶ 4 (emphasis

added); *see also id.* ¶ 18 ("identity thieves, presumably without eBay's permission, accessed

eBay's files")), and they should be rejected out of hand.  *See Wesson v. Oglesby*, 910 F.2d 278

(5th Cir. 1990) (affirming district court's dismissal of complaint under 28 U.S.C. § 1915 because plaintiff's allegations were fundamentally inconsistent); *McClaine v. Boeing Co.*, No. 11-2447, 2013 U.S. Dist. LEXIS 37802, at *7 (E.D. La. Mar. 19, 2013) (granting motion to dismiss where, *inter alia,* plaintiff's allegations were contradictory).

While Plaintiff alleges that eBay "negligently, and/or recklessly, fail[ed] to protect the personal information it held through appropriate security measures" (Compl. ¶¶ 22, 58), recklessness and negligence do not constitute knowing conduct under the SCA. *See Willingham v. Global Payments, Inc.*, No. 12-cv-1157, 2013 U.S. Dist. LEXIS 27764, at *40-41 (N.D. Ga. Feb. 5, 2013) ("recklessness or negligence" do not constitute "knowing conduct" or "knowing[] divulge[nce]" under the SCA); *Worix v. MedAssets, Inc.*, 869 F. Supp. 2d 893, 896 (N.D. Ill. 2012) (same).

### c. The Accessed Information Was Not the "Contents of Any Communication."

Finally, Plaintiff does not (and cannot) allege that eBay disclosed the "contents of any communication."  The SCA draws a fundamental distinction between the contents of communications (sometimes called "content information") and non-content information.  *See generally* Kerr, 72 Geo. Wash. L. Rev. at 1228.  Content information is a message that a user wants to communicate.  *See* 18 U.S.C. § 2510(8) (defining "contents" of a communication as "information concerning the substance, purport, or meaning" of the communication).  Examples of content information include emails, text messages, and private messages.  *See, e.g.*, *Theofel v. Farey-Jones*, 359 F.3d 1066, 1070 (9th Cir. 2004) (emails); *Quon*, 529 F.3d at 900 (text messages); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 972 (C.D. Cal. 2010) (private messages).  Non-content information, on the other hand, is other information about a communication that the service uses to deliver and process the communication (i.e., envelope

information) or information not related to communications at all, such as customer records that the service maintains.  *See, e.g.*, 18 U.S.C. § 2703(c)(2) (specifying non-content information that a RCS must disclose if subpoenaed by governmental entities).

The SCA "gives greater privacy protection to content information" because "actual contents of messages naturally implicate greater privacy concerns than information . . . about those communications."  Kerr, 72 Geo. Wash. L. Rev. at 1228.  For example, under § 2702(a)(2), a RCS provider may not knowingly divulge the "contents of any communication" to any person or entity, except as provided.  In contrast, the SCA only protects "customer records" (i.e., user identification information) from disclosure to governmental entities under § 2702(a)(3)—a RCS provider has broad discretion to disclose customer records to any person other than a governmental entity, 18 U.S.C. § 2702(c)(6), and must disclose them even to a governmental entity if subpoenaed, 18 U.S.C. § 2703(c)(2).

The Accessed Information does not include content information.  Plaintiff alleges that the Accessed Information included users' names, encrypted passwords, email addresses, physical addresses, phone numbers, and dates of birth.  (Compl. ¶ 18.)  This information is not the "contents of any communication" because it does not reveal the "substance, purport, or meaning" of any eBay user's communications.  *See* 18 U.S.C. § 2510(8); *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, No. 12-1169, 2014 U.S. Dist. LEXIS 82098, at *3, *23-24 (E.D. Pa. June 17, 2014) (patient financial information stolen in data breach did not constitute "stored communications" under the SCA); *Sams v. Yahoo!, Inc.*, No. cv-10-5897-JF (HRL), 2011 WL 1884633, at *2, *6-7 (N.D. Cal. May 18, 2011) (users' names, addresses, and emails were not contents of communications and their disclosure without user consent thus did not violate the SCA); *see also Freedman v. Am. Online, Inc.*, 412 F. Supp. 2d 174, 181 (D. Conn. 2005) (noting

that courts have universally distinguished for Fourth Amendment purposes between "the content of electronic communications, which is protected, and non-content information, including a subscriber's screen name and corresponding identity, which is not"). At most, this information constitutes customer "records," which a RCS provider may disclose to any person other than a governmental entity. 18 U.S.C. § 2702(c)(6).

Plaintiff has thus failed to allege that the Accessed Information was the "contents of any communication" that would sustain a claim under 18 U.S.C. § 2702(a)(2).[9]

### 3.    Plaintiff Fails to State a Claim Under the Louisiana Database Security Breach Notification Law (Count III).

To state a claim under the Louisiana Database Security Breach Notification Law, Plaintiff must plead facts establishing that (1) eBay "maintains computerized data that includes personal information"; (2) this "personal information" was "acquired by an unauthorized person through a breach of security of the system containing such data"; (3) eBay's customer notification regarding the breach was not "made in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement . . . or any measures

---

[9]  Plaintiff does not allege (nor could he) that eBay has violated § 2702(a)(1), which governs "electronic communication service" (ECS) providers' conduct. That section provides that a person or entity providing an "electronic communication service" (i.e., a service that "provides to users . . . the ability to send and receive . . . electronic communications," 18 U.S.C. § 2510(15)) to the public shall not "knowingly divulge" to any person or entity "the contents of a communication" while in "electronic storage" by that service. However, any such claim would fail because, as set forth above, eBay did not (1) "knowingly divulge" (2) "the contents of a communication" to any person or entity.

Moreover, eBay is not an ECS with respect to the Accessed Information. While "telephone companies, internet service providers, and electronic bulletin boards" may all be ECSs, commercial websites like eBay are not. *Ipreo Holdings LLC v. Thomson Reuters Corp.*, No. 09-cv-8099, 2011 U.S. Dist. LEXIS 25356, at *16-17 (S.D.N.Y. Mar. 7, 2011); *In re JetBlue Airways*, 379 F. Supp. 2d at 307; *see also* Kerr, 72 Geo. Wash. L. Rev. at 1230 ("It is clear that eBay does not provide ECS: the site is a destination online, not a provider that gives users the ability to send and receive communications to the rest of the Internet.").

necessary to determine the scope of the breach, prevent further disclosures, and restore the reasonable integrity of the data system"; and (4) Plaintiff suffered "actual damages" resulting from a violation of the notification requirement.  La. Rev. Stat. Ann. §§ 51:3074(B), 51:3073(3), 51:3074(C), 51:3075.  Plaintiff has failed to do so.

First, Plaintiff has not alleged that he suffered "actual damages" that would be recoverable under § 51:3075.[10]  *See Ponder*, 522. F. Supp. 2d at 796-98 (dismissing claim under La. Rev. Stat. § 51:3071, *et seq*. where the only damages suffered by plaintiff were an increased risk of identity theft accompanied by credit monitoring costs).

Second, Plaintiff does not allege that eBay maintained data that included "personal information" as defined by the statute.  "Personal information" is limited to "an individual's first name or first initial and last name in combination with any one or more of the following data elements . . .: (i) Social security number.  (ii) Driver's license number. (iii) Account number, credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account."  La. Rev. Stat. Ann. § 51:3073(4)(a).  Plaintiff has not alleged that eBay captures or stores social security numbers or driver's license numbers.  Additionally, while Plaintiff alleged that eBay retains customer "credit card or bank account numbers," he does not allege that eBay possesses the associated security codes, access codes, or account passwords.   Thus, Plaintiff has not alleged that eBay maintains data that includes his "personal information."

---

[10] Plaintiff misleadingly seeks "an order awarding the maximum statutory damages available under La. R.S. § 51:3702, *et seq.*"  (Compl. ¶ 66.)  Even presuming that Plaintiff intended to refer to La. Rev. Stat. § 51:3072 (and not the nonexistent § 51:3702), section 51:3072, *et seq*. does not provide for statutory damages but rather permits plaintiffs to recover actual damages resulting from a violation of the notification requirement.  *See* La. Rev. Stat. § 51:3075.

Third, Plaintiff does not allege that any of the Accessed Information was "personal information." Instead, the Accessed Information consists of customer names, encrypted passwords, email addresses, physical addresses, phone numbers, and dates of birth. (Compl. ¶ 18.) None of these pieces of information qualifies as "personal information" under § 51:3073(4)(a). Thus, Plaintiff cannot establish that eBay was required by the statute to notify its customers about the security breach. *See* La. Rev. Stat. Ann § 51:3074(B) (stating that notification is required if "*personal information* was, or is reasonable believed to have been, acquired by an unauthorized person" (emphasis added)).

Finally, Plaintiff's claim that eBay did not "immediately notify" its customers of the Unauthorized Access is insufficient to establish that eBay's notification was inadequate under the statute. (Compl. ¶ 65.) Section 51:3074 does not require "immediate" notification of security breaches, but rather requires that notifications be made "in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement . . . or any measures necessary to determine the scope of the breach, prevent further disclosures, and restore the reasonable integrity of the data system." La. Rev. Stat. Ann. § 51:3074(C). Plaintiff does not allege that eBay's notification was not made in the most expedient time possible after its discovery of the breach. To the contrary, Plaintiff admits that, though the data breach occurred in "February-March," eBay was not aware of the data breaches "for weeks, or months, after they occurred" and that eBay notified customers of the breach on May 21, 2014. (Compl. ¶ 35.) Thus, according to Plaintiff's timeline, eBay notified its customers of the breach shortly after discovering it. Moreover, Plaintiff fails to allege that the timing of eBay's customer notification was unreasonable or that it was not the result of eBay's

need to determine the scope of the breach, prevent further disclosures, and restore the integrity of its system.  Plaintiff therefore fails to allege that eBay did not comply with section 51:3074.

### 4. Plaintiff Fails to State a Claim for Breach of Contract (Count IV).

Plaintiff's breach-of-contract claim necessarily fails because Plaintiff has not alleged that eBay breached any provision of its Privacy Policy.  In eBay's Privacy Policy, eBay agrees to protect customer information "using technical and administrative security measures to reduce the risks of loss, misuse, unauthorized access, disclosure and alteration."  (Compl. ¶ 69.)  The Privacy Policy also lists "[s]ome of the safeguards" eBay uses, including "firewalls and data encryption, physical access controls to our data centers, and information access authorization controls."  (*Id.*)  But Plaintiff does not allege that eBay failed to use "technical and administrative security measures" to protect his information, nor does he allege that eBay did not implement all of the safeguards described in the Privacy Policy.  In fact, to the extent that Plaintiff mentions the Privacy Policy safeguards at all, he admits that eBay used them.  (Compl. ¶ 38 (eBay encrypted stored passwords).)  Plaintiff therefore fails to allege that eBay breached any obligation described in the Privacy Policy, and his breach-of-contract claim must fail as a result.  *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. Ct. App. 2011) (failure to perform a contractual obligation is an essential element of a breach-of-contract claim).

Recognizing his inability to allege a breach of the written terms of the Privacy Policy, Plaintiff attempts to expand eBay's obligations by manufacturing a contractual term requiring eBay to "use commercially reasonable means to protect its customer's personal information." (Compl. ¶ 71.)  Plaintiff cites no provision of eBay's Privacy Policy to support the addition of this term, and eBay is unable to locate any Louisiana case law suggesting that such a term can be inferred.  Plaintiff's rewriting of the terms of the contract must be rejected.  *See McGoldrick v. Lou Ana Foods, Inc.*, 649 So. 2d 455, 458 (La. Ct. App. 1994) ("Where the language of a

contract is clear and unambiguous, it must be interpreted solely by reference to the four corners of that document.")  Further, even if Plaintiff could establish the existence of this implied obligation, he does not describe what would constitute "commercially reasonable means," nor does he explain how eBay's efforts to protect his information fell short of this undefined standard.

Additionally, Plaintiff has not alleged any actual damage caused by the purported breach of the Privacy Policy.  As discussed above (*supra* § IV.B.1), costs related to protecting against an increased risk of identity theft are not compensable under Louisiana law.  *See Pinero*, 594 F. Supp. 2d at 718 (dismissing plaintiffs' breach-of-contract claim in part because "expenses related to credit monitoring to guard against future identity theft are not compensable damages").  Moreover, as discussed above (*supra* § IV.A.1.c), Plaintiff does not allege that he paid any fees to eBay whatsoever.[11]

### 5.    Plaintiff Fails to State a Claim for Breach of Implied Contract (Count V).

Plaintiff fails to state a claim for breach of implied contract because the subject matter of his claim is covered by eBay's Privacy Policy, which governs eBay's obligations to protect its customers' personal information, and there can be no implied contract claim where there is an express contract between the same parties that covers the same subject matter.  *See Union Tex. Petroleum Corp. v. Mid La. Gas Co.*, 503 So. 2d 159, 165 (La. Ct. App. 1987) ("[T]here can be no implied contract where there is an express contract between the same parties in reference to

---

[11] To the extent that Plaintiff did actually pay fees to eBay, those fees were paid for the purposes of making a sale on eBay, not in exchange for data security (*see* Request for Consideration of Documents, Ex. C (eBay's fee schedule)), and they would not be recoverable losses sustained as a result of eBay's alleged breach of its Privacy Policy.  *See Pinero*, 594 F. Supp. 2d at 719 ("[T]he fees paid by plaintiff in exchange for tax services are not a 'loss sustained' from defendants' alleged breach" of its privacy policy since plaintiff "indisputably received tax services from defendants.").

the same subject matter.").   Neither party disputes the validity of the contract between them.
(Compl. ¶ 68.)   Thus, Plaintiff's alternative claim for breach of implied contract necessarily fails.
*See Union Tex. Petroleum*, 503 So. 2d at 165 (rejecting plaintiff's alternative breach-of-implied-
contract theory because the parties recognized the existence of an express contract on the same
subject matter).   Moreover, even if Plaintiff could establish the existence of an implied contract
between the parties, his claim would fail because Plaintiff does not allege facts establishing both
that eBay breached the terms of any such implied agreement and that Plaintiff suffered actual
damages resulting from that breach.  (*See supra* § IV.B.4.)

### 6. Plaintiff Fails to State a Claim for Breach of Fiduciary Duty (Count VI).

Plaintiff's breach-of-fiduciary-duty claim should be dismissed because Plaintiff fails to
allege any of the elements necessary to such a claim.  To state a claim for breach of fiduciary
duty, Plaintiff must allege (1) the existence of a fiduciary duty owed by eBay to Plaintiff, (2) an
action taken by eBay in violation of that duty, and (3) damages suffered by Plaintiff as a result of
that action.  *See Jobe v. ATR Mktg., Inc.*, No. 96-3396 Section C, 1998 U.S. Dist. LEXIS 18171,
at *22 (E.D. La. Nov. 13, 1998).

First, Plaintiff fails to allege facts sufficient to establish that eBay owed him a fiduciary
duty.  His sole allegation regarding this element is that "[a]s custodian of Plaintiff's personal
information, eBay owed a fiduciary duty to protect the data from illegal access."  (Compl. ¶ 89.)
However, the mere sharing of confidential information combined with a promise to protect that
information is insufficient to establish a fiduciary duty.  *Jobe*, 1998 U.S. Dist. LEXIS 18171, at
*23 (the "obligation not to disclose confidential information to a third party, which arises from a
single agreement or promise," does not constitute a "<u>relationship</u> of trust and confidence giving
rise to fiduciary duty upon which a cause of action may be made") (emphasis in original);

*Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1330-31 (5th Cir. 1994) (defendant owed plaintiff no fiduciary duty despite plaintiff's disclosure of confidential information to defendant where the parties had an "arms-length business relationship").

Second, as discussed above (*supra* § IV.B.1), Plaintiff alleges no facts establishing that eBay breached any alleged duty to protect his information.

Finally, as discussed above (*supra* § IV.B.1), Plaintiff fails to allege that he suffered any actual damages resulting from the alleged breach of duty.  *See Ponder*, 522 F. Supp. 2d at 798 (rejecting plaintiff's claim that defendant breached his fiduciary duty by failing to protect plaintiff's personal information because plaintiff did not allege that someone actually used the disclosed information to his detriment).  Any one of these defects is fatal to Plaintiff's claim.

### 7. Plaintiff Fails to State a Claim for Breach of Bailment (Count VII).

Plaintiff's breach-of-bailment claim should be dismissed because Plaintiff fails to allege facts establishing the existence of a bailment, a breach of eBay's duty with regard to the alleged bailment, or actual damages resulting from the alleged breach.

First, none of the facts alleged by Plaintiff is consistent with the creation of a bailment. "The essential feature of bailment is that the chattel delivered shall be returned at the end of the bailment either in the same or an altered form." *Clements v. Luby Oil Co.*, 15 La. App. 384, 387-88 (1930).  Plaintiff does not allege that he entrusted his information to eBay with the expectation that it would be "returned," nor would such an expectation be possible given that Plaintiff retained full use of his personal information even after providing it to eBay.  Nor does Plaintiff allege that eBay was capable of preserving the value of his information given that eBay's possession of the information was non-exclusive.  Moreover, Plaintiff fails to allege that the parties agreed upon any sort of bailment period after which eBay would surrender possession

of his information.  Plaintiff thus fails to establish that his provision of personal information to eBay created a bailment.

Second, Plaintiff has not alleged a specific bailment contract, and "in the absence of a specific contract, a bailee for hire is not an insurer but is charged only with the duty of exercising ordinary care in safeguarding the bailor's property."  *Holder v. Lockwood*, 92 So. 2d 768, 771 (La. Ct. App. 1957).  But for the reasons stated above (*supra* § IV.B.1), Plaintiff has failed to establish that eBay has breached a duty of ordinary care to protect his information.

Finally, Plaintiff cannot establish the type of property loss for which bailors can be compensated, because he does not allege either that eBay failed to return his personal information at the end of the bailment or that eBay returned that information in a damaged state.  *See Niagara Fire Ins. Co. v. Shuff*, 93 So. 2d 325, 327 (La. Ct. App. 1957) (a bailee who fails to return the property "is liable to the bailor for the value of the property" (citation omitted)).  As previously discussed above (*supra* §§ IV.A.1.b, IV.B.1, and p. 15 n.6), Plaintiff's personal information has no intrinsic monetary value and, even if it did, any devaluation of that personal information is purely speculative since Plaintiff fails to allege that anyone actually used his information without authorization or that, if the information were used, how that use would deprive him of its value.

### 8.    Plaintiff Fails to State a Claim under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 (Count VIII).

Plaintiff fails to state a claim under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 ("GLBA").  As an initial matter, the GLBA does not provide for a private right of action, but instead only allows enforcement by federal and state authorities.  *See* 15 U.S.C. § 6805; *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007); *Barnett v. First Premier Bank*,

475 F. App'x 174, 174 (9th Cir. 2012); *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 961 (N.D. Tex. 2013).

Even if Plaintiff could bring an action to enforce the Act, Plaintiff has not alleged that *eBay* has violated the Act.  Instead, Plaintiff alleges only that eBay (1) offers financial and credit services through its subsidiary, PayPal and (2) collects and transmits financial data to facilitate PayPal's financial products, such as Bill Me Later.  (Compl. ¶¶ 98, 100.)  PayPal is not a defendant in this action and eBay cannot be held liable for PayPal's activities.  *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." (internal quotations and citation omitted)).

Furthermore, Plaintiff does not and cannot allege that any PayPal data was stolen in the cyberattack on eBay's servers.  Indeed, Plaintiff incorporates by reference into his Complaint eBay's Form 8-K for the period ending May 21, 2014, which states: "The company also said it has no evidence of unauthorized access or compromises to personal or financial information for PayPal users.  PayPal data is stored separately on a secure network, and all PayPal financial information is encrypted."  (Compl. ¶ 13 n.1; Request for Consideration of Documents, Ex. D); *see, e.g.*, *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("[A] court ruling on a 12(b)(6) motion may rely on . . . documents incorporated into the complaint by reference[.]" (internal quotations and citation omitted)).  Thus, Plaintiff is aware that users' personal or financial PayPal data was not accessed.

For these reasons, Plaintiff's claim for violation of the GLBA must be dismissed.

### 9. Plaintiff Fails to State a Claim for Violation of the Privacy Laws of States Other than Louisiana (Count IX).

In Count IX, Plaintiff alleges that eBay's failure to protect his personal information violates the laws of 47 jurisdictions, which includes Louisiana (duplicative of Count III) and 46 jurisdictions other than the state of Louisiana. (Compl. ¶¶ 105-06.) As discussed above (*supra* § IV.B.3), the Louisiana portion of this claim must be dismissed for failure to state a claim. And as also discussed above (*supra* § IV.A.2), the remainder of this claim must be dismissed because Plaintiff lacks standing to assert claims under the laws of states in which he does not reside and does not allege he was injured, i.e., every state other than Louisiana.

But even if Plaintiff had standing to assert Count IX, the claim would fail to satisfy Federal Rule of Civil Procedure 8, under which a plaintiff must provide a "short and plain statement of the claim" showing his entitlement to relief, in order to give the defendant fair notice of the claim and supporting grounds. *Twombly*, 550 U.S. at 555. In support of this claim, Plaintiff merely furnishes a chart with dozens of state statutes that he alleges eBay has violated, without identifying the specific statutory sections that eBay allegedly violated or providing facts supporting each element of each claim. This falls far short of the *Twombly/Iqbal* standard, under which even "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.at 678; *Jones v. Wal-Mart*, No. 09-0044, 2010 U.S. Dist. LEXIS 80422, at *4 (W.D. La. June 15, 2010) (explaining that "[m]erely submitting a list of statutes without providing the specific sections plaintiff intended to invoke and without citation to the record or the relevant law fails 'to state a claim to relief that is plausible on its face'" under *Twombly*; dismissing relevant claims with prejudice); *Smith v. Rainey*, 747 F. Supp. 2d 1327, 1345 (M.D. Fla. 2010) (dismissing claims for failure to identify the specific statutory duties defendants breached); *Foxx v. Ocwen Loan Servicing, LLC*, No. 11-

cv-1766, 2012 U.S. Dist. LEXIS 78864, at *11 (M.D. Fla. June 6, 2012) (dismissing claims that merely cited statutory sections defendant allegedly violated without alleging facts sufficient to illustrate the statutory violation; admonishing plaintiff that "a shotgun pleading where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief does not comply with [post-*Iqbal* pleading] standard[s]" (citation omitted)).

Indeed, not only does Plaintiff not satisfy the minimum pleading requirements of Rule 8, Plaintiff has not done even a cursory investigation of the statutes under which he purports to bring a claim.  Many of the statutes that Plaintiff cites do not create a private right of action.[12] And one statute Plaintiff cites was *repealed* before Plaintiff's Complaint was filed.  (*See* Compl. ¶ 106 (citing Fla. Stat. § 817.5681, which was repealed by H.B. 1524, signed into law June 20, 2014 and effective July 1, 2014).)

Plaintiff's claim must therefore be dismissed.

> **10.    Plaintiff Fails to State a Claim Under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 (Count X).**

Plaintiff fails to state a claim under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").  Plaintiff alleges that eBay offers financial services, including PayPal Buyer Credit, PayPal Plus Credit Card, and eBay MasterCard (Compl. ¶ 111), that eBay and PayPal collect and distribute information about their users' creditworthiness (*id.* ¶ 112), and that users consent to eBay's use of their personal information to provide customer support for financial products "such as Bill Me Later, a PayPal service" (*id.* ¶ 113).  Plaintiff thus alleges that eBay is

---

[12] *See, e.g.*, Ariz. Rev. Stat. Ann. § 44-7501(H); Ark. Code Ann. § 4-110-108; Colo. Rev. Stat. § 6-1-716; Conn. Gen. Stat. § 36a-701b; Del. Code Ann. § 12B-104; 9 Guam Code Ann. § 48.50; Idaho Code Ann. § 28-51-107; Maine Rev. Stat. Ann. Tit. 10, § 1349(1); Mass. Gen. Laws ch. 93H, § 6; Mich. Comp. Laws § 445.61, § 12(13)-12(15); Miss. Code § 75-24-29(8); Mo. Rev. Stat. § 407.1500(3)(4); Neb. Rev. Stat. § 87-806; N.D. Cent. Code § 51-30-07; 73 Pa. Stat. § 2308; Utah Code § 13-44-301; Vt. Stat. Ann. Tit. 9, § 2435(g); W. Va. Code § 46A-2A-104(b), (c). Wyoming Stat. § 40-12-502(f).

bound by the FCRA because eBay (and its "corporate family and their financial institutions" )[13] may deny services or alter rates based on the information it collects and shares; supplies information to credit reporting agencies; and may use users' information to advance collection agencies' efforts.  (Compl. ¶¶ 114-17.)  The FCRA claim must be dismissed for failure to state a claim.

As an initial matter, Plaintiff's allegations are facially deficient under Rule 8 because he has not even identified which FCRA section he believes eBay has violated, and eBay cannot determine the factual or legal basis for Plaintiff's claim.  *See Willey v. J.P. Morgan Chase, N.A.*, No. 09-cv-1397, 2009 U.S. Dist. LEXIS 57826, at *9-11 (S.D.N.Y. July 7, 2009) (*Twombly/Iqbal* pleading standards are not satisfied where plaintiff did not explain how defendant failed to comply with any FCRA requirement, but implicitly asserted that FCRA violation must exist because a data-loss incident occurred); *Bradley v. PayPal, Inc.*, No. C 08-3924, 2009 U.S. Dist. LEXIS 36393, at *2-3 (N.D. Cal. Apr. 17, 2009) (dismissing FCRA claim where, *inter alia*, plaintiff failed to identify specific FCRA section that defendant violated); *Galaria*, 2014 U.S. Dist. LEXIS 23798, at *9-11 (dismissing claim where data-breach plaintiffs merely alleged that defendant violated FCRA without alleging injury arising from any specific FCRA violation).

While Plaintiff's Complaint includes no indication of what section of the FCRA eBay supposedly violated or how eBay supposedly violated it, plaintiffs bringing FCRA claims relating to data breaches frequently allege that the defendant is a "consumer reporting agency" that improperly "furnished" a "consumer report" to the hackers who stole the information at issue, which they allege violates 15 U.S.C. § 1681b.  If this is the claim Plaintiff intends to bring

---

[13] As set forth above (*supra* § IV.B.8), to the extent that Plaintiff's claim against eBay is based on the alleged actions of its subsidiary, PayPal, it is improper and the claim should be dismissed.

against eBay, the claim would fail because (1) eBay is not a "consumer reporting agency"; (2) the Accessed Information is not a "consumer report"; and (3) eBay did not improperly "furnish" a consumer report to the hackers.

### a. eBay Is Not a "Consumer Reporting Agency."

To be a "consumer reporting agency," a party must "regularly engage[] in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f). Courts consistently reject plaintiffs' allegations that companies that suffer data breaches fall within this statutory definition, holding that entities that use consumer reports for "business, commercial, or professional purposes" are not consumer reporting agencies. *See, e.g.*, *Sony*, 996 F. Supp. 2d at 1010-12; *Holmes v. Countrywide Fin. Corp.*, No. 08-cv-0205, 2012 U.S. Dist. LEXIS 96587, at *42-43 (W.D. Ky. July 12, 2012) ("Courts construing who or what qualifies as consumer reporting agencies have restricted the label to the credit reporting bureaus.") (citing *Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 265 (5th Cir. 2000); *Strautins*, 2014 U.S. Dist. LEXIS 32118, at *30.

Here, Plaintiff has not alleged (and cannot allege) that eBay "regularly engages" "in the practice of assembling or evaluating consumer credit information or other information on consumers" "for the purpose of furnishing consumer reports to third parties." Accordingly, eBay is not a consumer reporting agency. *See McCready v. eBay, Inc.*, 453 F.3d 882, 889 (7th Cir. 2006) (holding that eBay is not a consumer reporting agency in rejecting a FCRA claim directed at eBay's user-generated Feedback Forum).

> **b.**  **The Accessed Information Does Not Constitute a "Consumer Report."**

Nor has Plaintiff alleged that the Accessed Information is a "consumer report."  To be a consumer report, the furnished information must "bear[] on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" and must be "used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for - (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or [other enumerated purposes]."  15 U.S.C. § 1681a(d)(1).

Courts routinely hold that users' personal information like the Accessed Information is not a "consumer report" under the FCRA, because it does not bear on a consumer's credit worthiness, credit standing, credit capacity, general reputation, personal characteristics, or mode of living.  *Individual Reference Servs. Grp. v. FTC*, 145 F. Supp. 2d 6, 17 (D.D.C. 2001) (name, address, social security number and phone number do not bear on the statutory factors, and thus are not subject to FCRA regulation); *Smith v. Waverly Partners, LLC*, No. 3:10-CV-28, 2011 U.S. Dist. LEXIS 90135, at *13-14 (W.D.N.C. Aug. 12, 2011) (name, social security number, prior addresses, date of birth, and driver's license information was "minimal information" that did not bear on the statutory factors and thus was not a consumer report).  In addition, the Accessed Information is not a "consumer report" because it consists at most of "information  . . . as to transactions or experiences between the consumer" and eBay, which information is excluded under the FCRA.  *See* 15 U.S.C. § 1681a(d)(2)(A)(i); *see also Garcia v. Unionbancal Corp.*, No. C 06-03762 CRB, 2006 U.S. Dist. LEXIS 67896, at *6-8 (N.D. Cal. Sept. 12, 2006).

Plaintiff cannot satisfy the definition of "consumer report" because eBay did not collect the Accessed Information to establish consumers' eligibility for credit, employment, insurance,

or other statutorily enumerated purpose.  Nor can Plaintiff allege that another party used the Accessed Information for one of these purposes.

### c.     eBay Did Not Violate the Prohibition Against "Improper Disclosure" of Consumer Reports.

Finally, eBay has not improperly disclosed the Accessed Information in violation of the FCRA.  Congress created the FCRA to prevent "consumer reports" from being "furnished" to third parties in violation of the statute.  *Holmes*, 2012 U.S. Dist. LEXIS  96587, at *44-45; 15 U.S.C. § 1681b(a) ("[A]ny consumer reporting agency may *furnish* a credit report . . ." (emphasis added)); *id.* § 1681b(b) ("[C]onditions for *furnishing* and using consumer reports for employment purposes . . . ." (emphasis added)); *id*. § 1681b(c) ("*Furnishing* reports in connection with credit or insurance transactions that are not initiated by consumer . . . ." (emphasis added)).  As the Fifth Circuit has elaborated:

> [T]he actionable harm the FCRA envisions is improper disclosure, not the mere *risk* of improper disclosure that arises when "reasonable procedures" are not followed and disclosures are made.  Accordingly, a plaintiff bringing a claim that a reporting agency violated the "reasonable procedures" requirement of § 1681(e) must first show that the reporting agency released the report in violation of § 1681b.

*Washington*, 199 F.3d at 267.

With the purpose of the FCRA in mind, courts have held that a company victimized by a data breach has not "furnished" the plaintiffs' information to the perpetrator of the breach. *Holmes*, 2012 U.S. Dist. LEXIS 96587, at *46 (where plaintiffs repeatedly alleged that perpetrators of the data breach stole their information, "no coherent understanding of the words 'furnished' or 'transmitted' would implicate" the defendant under the FCRA); *Willingham*, 2013 U.S. Dist. LEXIS 27764, at *45-46 (same).  The fact that a plaintiff alleges negligent or even willful failure to safeguard information stolen in a data breach does not change the analysis. *Strautins*, 2014 U.S. Dist. LEXIS 32118, at *29-31.

For each of these reasons, Plaintiff's FCRA claim should be dismissed.

**C.     Each of Plaintiff's Claims Should Be Dismissed with Prejudice.**

Plaintiff's claims should be dismissed with prejudice.  Not only has he not advanced any cognizable theory of injury or alleged facts sufficient to state a claim, the heart of his allegations is that he *may* suffer some *future* injury.   Under *Clapper*, such speculative future injury is insufficient to establish injury-in-fact.   And there is no conceivable way that Plaintiff could amend the Complaint to establish injury-in-fact; certainly, if he had suffered an injury, he would have pled it.  Any amendment would thus be futile, and leave to amend should be denied.  *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1162 (5th Cir. 1979) (leave to amend should not be granted where amendment would be futile); *Brockman v. Tex. Dep't of Crim. Justice*, 397 F. App'x 18, 23 (5th Cir. 2010) (noting that the Fifth Circuit had "previously held that a refusal to allow amendment is not an abuse of discretion when the proposed amendment would be futile" and affirming dismissal of the case with prejudice since plaintiff "did not provide any indication" of what allegations she would have added to her complaint to state a claim); *see also Remijas*, 2014 U.S. Dist. LEXIS 129574 (dismissing data-breach case without leave to amend on first motion to dismiss).

**V.     CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice for lack of standing and for failure to state a claim upon which relief can be granted.

Dated: September 30, 2014                    Respectfully submitted,

**FRILOT L.L.C.**

/s/ *Kerry J. Miller*_____
**KERRY J. MILLER (#24562), T.A.**
**JOSEPH N. MOLE (#09538)**
**HEATHER MCARTHUR (#32897)**
1100 Poydras Street, Suite 3700

New Orleans, LA  70163
Telephone:      (504) 599-8000
Facsimile:      (504) 599-8100
Email:          kmiller@frilot.com
                jmole@frilot.com
                hmcarthur@frilot.com
**Local Counsel for Defendant, eBay, Inc.**

**COOLEY LLP**

/s/ *Matthew D. Brown*_____
**MICHAEL G. RHODES (*Pro Hac Vice*)**
**MATTHEW D. BROWN (*Pro Hac Vice*)**
**BENJAMIN KLEINE (*Pro Hac Vice*)**
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:      (415) 693-2188
Facsimile:      (415) 593-2222
Email:          rhodesmg@cooley.com
                brownmd@cooley.com
                bkleine@cooley.com
**Lead Counsel for Defendant, eBay, Inc.**


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system on the 30th day of September, 2014.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Kerry J. Miller*_____
**KERRY J. MILLER**