## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLIN GREEN, individually and on behalf of all others similarly situated** | * <br> * <br> * | **CIVIL ACTION NO:  14-01688** <br><br> **SECTION "E" (4)** |
| **VERSUS** | * <br> * | **JUDGE SUSIE MORGAN** |
| **EBAY, INC., a Delaware corporation** | * <br> * <br> * | **MAGISTRATE JUDGE** <br> **KAREN WELLS ROBY** |

**DEFENDANT EBAY INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT (FED. R. CIV. P. 12(B)(1) AND 12(B)(6))**

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT .............................................................................................................. 1

    A.    Plaintiff Lacks Article III Standing ............................................................... 1

        1.    Plaintiff Has Not Alleged Either "Certainly Impending" Identity Theft or "Substantial Risk" of Identity Theft. ........................................... 1

        2.    Plaintiff's Alleged Mitigation Costs Do Not Confer Standing. ................ 5

        3.    Cases that Find Standing Where Sensitive Financial Information Is Stolen and Misused Are Inapplicable Here. ............................................... 6

        4.    Plaintiff Cannot Demonstrate Standing Through Statistical Risk. ........... 7

    B.    Plaintiff's Complaint Should Be Dismissed under Rule 12(b)(6). ...................... 9

        1.    Negligence (Count I) .................................................................................. 9

        2.    Stored Communications Act (Count II). .................................................. 10

        3.    Database Security Breach Notification Law (Count III). ........................ 12

        4.    Breach of Contract (Count IV). ............................................................... 12

        5.    Breach of Implied Contract (Count V). ................................................... 13

        6.    Breach of Fiduciary Duty (Count VI). ..................................................... 14

        7.    Breach of Bailment (Count VII). ............................................................. 14

        8.    Gramm-Leach-Bliley Act (Count VIII). .................................................. 15

        9.    Privacy Laws of States Other than Louisiana (Count IX). ..................... 16

        10.    Fair Credit Reporting Act (Count X). ...................................................... 18

    C.    Each of Plaintiff's Claims Should Be Dismissed with Prejudice. ...................... 20

III.    CONCLUSION ........................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Sys. Privacy Litig.*,
No. 13-cv-05226-LHK, 2014 U.S. Dist. LEXIS 124126 (N.D. Cal. Sept. 4, 2014) ...............6

*Babbitt v. UFW Nat'l Union*,
442 U.S. 289 (1979)........................................................................................................2, 3

*Beaudry v. Telecheck Services, Inc.*,
579 F.3d 702 (6th Cir. 2009) .............................................................................................19

*In re Beef Indus. Antitrust Litig.*,
600 F.2d 1148 (5th Cir. 1979) ...........................................................................................20

*Belle Chasse Auto. Care, Inc. v. Advanced Auto Parts, Inc.*,
No. 08-1568, 2009 U.S. Dist. LEXIS 25084 (E.D. La. Mar. 24, 2009) ...........................9, 10

*Blum v. Yaretsky*,
457 U.S. 991 (1982)........................................................................................................2, 3

*Bridge Tower Dental, P.A. v. Meridian Computer Ctr., Inc.*,
272 P.3d 541 (Idaho 2012)................................................................................................15

*Brockman v. Tex. Dep't of Crim. Justice*,
397 F. App'x 18 (5th Cir. 2010) ........................................................................................20

*Clapper v. Amnesty International USA*,
133 S. Ct. 1138 (2014)............................................................................................ *passim*

*Clinton v. City of New York*,
524 U.S. 417 (1998)..........................................................................................................3

*Creel v. Hartford Ins. Co.*,
No. 06-5146, 2007 U.S. Dist. LEXIS 37585 (E.D. La. May 22, 2007)..................................13

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006).......................................................................................................2, 17

*David Barr Realtors, Inc. v. Sadei*,
No. 03-97-00138-CV, 1998 WL 333954 (Tex. Ct. App. June 25, 1998)...............................15

*Davis v. Fed. Election Comm'n*,
554 U.S. 724 (2008)..........................................................................................................3

*In re Deepwater Horizon*,
739 F.3d 790 (5th Cir. 2014) ..............................................................................................8

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Department of Commerce v. U.S. House of Representatives*,
525 U.S. 316 (1999) ..................................................................................................2

*In re Ditropan XL Antitrust Litig.*,
529 F. Supp. 2d 1098 (N.D. Cal. 2007) .................................................................18

*Easter v. Am. W. Financial*,
381 F.3d 948 (9th Cir. 2004) .................................................................................17

*Ford v. NYLCare Health Plans of Gulf Coast, Inc.*,
301 F.3d 329 (5th Cir. 2002) .................................................................................17

*Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ..............................................................................................2, 3

*Griffin v. Dugger*,
823 F.2d 1476 (11th Cir. 1987) ..........................................................................7, 17

*Hein v. Freedom From Religion Found., Inc.*,
551 U.S. 587 (2007) ...............................................................................................18

*Jobe v. ATR Mktg., Inc.*,
No. 96-3396 Section C, 1998 U.S. Dist. LEXIS 18171 (E.D. La. Nov. 13, 1998) ...............14

*Krottner v. Starbucks Corp.*,
628 F.3d 1139 (9th Cir. 2010) ..............................................................................6, 7

*L&A Contracting Co. v. S. Concrete Servs., Inc.*,
17 F.3d 106 (5th Cir. 1994) .....................................................................................8

*Lauren v. PNC Bank, N.A.*,
296 F.R.D. 389 (W.D. Pa. 2014) ...........................................................................18

*Lewis v. Casey*,
518 U.S. 343 (1996) ..................................................................................................8

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ..................................................................................................2

*McGoldrick v. Lou Ana Foods, Inc.*,
649 So. 2d 455 (La. Ct. App. 1994) .......................................................................13

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ..................................................................................................3

*Monsanto Co. v. Geertson Seed Farms*,
561 U.S. 139 (2010) ..................................................................................... *passim*

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Moyer v. Michaels Stores, Inc.*,
No. 14 C 561, 2014 U.S. Dist. LEXIS 96588 (N.D. Ill. July 14, 2014) ...................................6

*Omnitech Int'l v. Clorox Co.*,
11 F.3d 1316 (5th Cir. 1994) ...............................................................14

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999)...........................................................................16, 17, 18

*In re Packaged Ice Antitrust Litig.*,
779 F. Supp. 2d 642 (E.D. Mich. 2011)........................................18

*Pennell v. San Jose*,
485 U.S. 1 (1988)..................................................................................3

*Pinero v. Jackson Hewitt Tax Serv. Inc.*,
594 F. Supp. 2d 710 (E.D. La. 2009) ........................................9, 10, 12

*Pisciotta v. Old Nat'l Bancorp*,
499 F.3d 629 (7th Cir. 2007) ...........................................................6, 7

*Pitre v. Yamaha Motor Co.*,
No. 13-5327, 2014 U.S. Dist. LEXIS 138635 (E.D. La. Sept. 30, 2014)................................18

*Ponder v. Pfizer, Inc.*,
522 F. Supp. 2d 793 (M.D. La. 2007) ........................................9, 10, 12

*Ramirez v. Ghilotti Bros., Inc.*,
941 F. Supp. 2d 1197 (N.D. Cal. 2013) ..........................................9

*Ramirez v. STi Prepaid LLC*,
644 F. Supp. 2d 496 (D.N.J. 2009) .............................................16, 17, 18

*Regmi v. Gonzales*,
157 F. App'x 675 (5th Cir. 2005) .................................................8

*Reilly v. Ceridian Corp.*,
664 F.3d 38 (3d Cir. 2011)..............................................................7

*Remijas v. Neiman Marcus Grp., LLC*,
No. 14 C 1735, 2014 U.S. Dist. LEXIS 129574 (N.D. Ill. Sept. 16, 2014)..............................7

*Rivera v. Wyeth-Ayerst Labs.*,
283 F.3d 315 (5th Cir. 2002) .........................................................17

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008) ......................................15

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*In re SAIC Backup Tape Data Theft Litig.*,
No. 12-347, 2014 U.S. Dist. LEXIS 64125 (D.D.C. May 9, 2014)............................................7

*Shmueli v. Corcoran Grp.*,
802 N.Y.S.2d 871 (N.Y. Sup. Ct. 2005) ...............................................................................15

*Silva v. U.S. Bancorp*,
No. 5:10-cv-01854, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ............................................9

*Smith v. Pizza Hut, Inc.*,
No. 09-1632, 2011 U.S. Dist. LEXIS 76793 (D. Colo. July 14, 2011) ...................................18

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012)...................................................................................15

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
996 F. Supp. 2d 942 (S.D. Cal. 2014)....................................................................................6

*Stone v. Crispers Rests., Inc.*,
No. 06-cv-1086, 2006 U.S. Dist. LEXIS 71997 (M.D. Fla. Oct. 3, 2006) .............................18

*Strautins v. Trustwave Holdings, Inc.*,
No. 12 C 09115, 2014 U.S. Dist. LEXIS 32118 (N.D. Ill. Mar. 12, 2014) .............................7

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009).................................................................................................................8

*Susan B. Anthony List v. Driehaus*,
134 S. Ct. 2334 (2014)..........................................................................................................3, 4

*Union Tex. Petroleum Corp. v. Mid La. Gas Co.*,
503 So. 2d 159 (La. Ct. App. 1987)....................................................................................13, 14

*United States v. Thames*,
214 F.3d 608 (5th Cir. 2000) ...................................................................................................8

*In re Wellbutrin XL Antitrust Litig.*,
260 F.R.D. 143 (E.D. Pa. 2009)........................................................................................17, 18

*Whitmore v. Arkansas*,
495 U.S. 149 (1990).................................................................................................................2

**Federal Statutes**

15 U.S.C. § 1681 ...............................................................................................................18, 19

15 U.S.C. § 6805..........................................................................................................................15

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

18 U.S.C. § 2702................................................................................................10, 11

18 U.S.C. § 2711(2)...............................................................................................11

**Louisiana Statutes**

La. Rev. Stat. Ann.
   § 51:3073(4)(a)...............................................................................................12
   § 51:3074(C).................................................................................................12

**Other Authorities**

Federal Rules of Civil Procedure
   Rule 8.......................................................................................................16, 18
   Rule 12(b)(1)................................................................................................8
   Rule 12(b)(6)............................................................................................9, 12
   Rule 15(a)(1)(B)...........................................................................................20

## I.    INTRODUCTION

Plaintiff's Opposition to eBay's Motion to Dismiss reinforces the fact that he is seeking recovery for the mere *possibility* that some class members may experience a *future* injury at some unknown point.  Plaintiff's unrealized, conjectural worry about future injury caused by unknown, hypothetical third parties is insufficient to establish *Plaintiff's* injury-in-fact under any applicable test.  Plaintiff thus lacks Article III standing.

Additionally, Plaintiff fails to address and thereby concedes many of the pleading defects that prevent him from stating a claim.  Plaintiff even goes so far as to admit expressly that some of his claims are untenable.  And where Plaintiff does attempt to refute eBay's arguments, he does so primarily through citations of inapposite authority.

In sum, Plaintiff's Opposition confirms that he is incapable of alleging facts establishing his standing to sue and that he cannot meet the pleading requirements for any of his claims.  Because no amendment could cure the fundamental problems with Plaintiff's Complaint, it should be dismissed with prejudice.

## II.    ARGUMENT

### A.    Plaintiff Lacks Article III Standing.

#### 1.    Plaintiff Has Not Alleged Either "Certainly Impending" Identity Theft or "Substantial Risk" of Identity Theft.

As eBay demonstrated in its opening brief, Plaintiff's alleged hypothetical future injury fails to meet the Supreme Court's "certainly impending" standard.  (Rec. Doc. 20 ("MTD"), at 5-9 (citing numerous cases that have held that plaintiffs cannot show injury-in-fact based on the mere *risk* of future identity theft or harm).)  In response, Plaintiff argues (Rec. Doc. 24 ("Opp."), at 2, 3-5) that the *risk* of identity theft alone is sufficient and takes issue with the "certainly impending" standard, arguing that this formulation (1) reflects a "sea change" in standing

jurisprudence brought about by the Court's recent decision in *Clapper v. Amnesty International USA*, 133 S. Ct. 1138, 1143 (2013), and (2) is an "especially rigorous" standard applicable only to national security matters. These arguments misstate the law. The *Clapper* Court itself explained that the "certainly impending" standard is "well-established" and has been "repeatedly reiterated." *Id.* at 1143, 1147. Indeed, it has been the law for decades and is primarily applied in cases that *do not* involve national security or similar issues. *See e.g.*, *Babbitt v. UFW Nat'l Union*, 442 U.S. 289, 298 (1979) (requiring "certainly impending" injury to establish standing in unfair labor practices case); *Whitmore v. Arkansas*, 495 U.S. 149, 156-60 (1990) (in rejecting prisoner's standing to challenge another inmate's sentence, stating "we have said *many times* before and reiterate today: . . . A threatened injury *must be 'certainly impending'* to constitute injury in fact." (italics added and citations omitted)); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 & n.2, 578 (1992) (citing standard in environmental lawsuit); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344-45 (2006) (citing standard in taxpayer lawsuit).

Plaintiff instead urges the Court to apply any of various differently formulated standards that he claims are drawn from Supreme Court precedent (Opp. at 6-7),[1] most of which are misstatements of the standard employed by the Court[2] or were applied in cases in which

---

[1] Many of Plaintiff's cases specifically endorse the "certainly impending" standard that he disputes. *See Lujan*, 504 U.S. at 564 & n.2; *Babbitt*, 442 U.S. at 298; *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

[2] Plaintiff misrepresents the holdings of multiple cases. For example, while he states that *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010), adopted a "reasonable probability" standard, the Court there only noted that the *district* court had used that standard. Similarly, while he contends that *Department of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 333 (1999), adopted a "substantially likely" standard, that language is found only in the Court's quotation of an expert affidavit that used that phrase. And while Plaintiff cites *Lujan* as endorsing a "reasonable probability" standard, those words are found nowhere in the case.

Plaintiff also cites *Blum v. Yaretsky*, in which the Court found that plaintiffs who had already suffered injury can establish standing by demonstrating a "quite realistic" threat of repeated injury of the same type, *i.e.*, a "real and immediate threat of *repeated* injury." 457 U.S. 991,

plaintiffs challenged governmental action.  In particular, Plaintiff argues that the "substantial risk" test has been used in a number of recent cases alongside the "certainly impending" test, citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 141 (2010), and *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014), both of which were cases challenging governmental action, which distinguishes those cases from Plaintiff's.  *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007) ("[W]here threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat . . . .  The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction." (emphasis in original)).[3]

But even if Plaintiff's allegations are judged against the "substantial risk" test, Plaintiff still has fallen far short of showing a substantial risk that he will be injured in the future.  Instead, he merely speculates about possible future use of his information by unknown third parties.  *See Clapper*, 133 S. Ct. at 1150 n.5 ("to the extent that the 'substantial risk' standard is relevant and is distinct from the 'clearly impending' requirement," it does not benefit plaintiffs where, as here, an "attenuated chain of inferences" or speculation about the "unfettered choices made by independent actors not before the court" is "necessary to find harm" (citation omitted)).

---

1001 (1982) (emphasis added and citation omitted).  *Blum* is irrelevant, since Plaintiff does not allege that he has suffered prior injuries traceable to eBay that are repeatable.

[3] Plaintiff also cites other cases involving challenges to *statutes* or *governmental action*.  *See, e.g.*, *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (plaintiff may challenge prospective operation of statute presenting "realistic and impending threat of direct injury"); *Clinton v. City of New York*, 524 U.S. 417, 432 (1998) (plaintiffs have standing to challenge government action if they can show "sufficient likelihood of economic injury"); *Pennell v. San Jose*, 485 U.S. 1, 8 (1988) (plaintiff must show "realistic danger of sustaining a direct injury" from challenged statute); *Babbitt*, 442 U.S. at 298 (same); *Laidlaw*, 528 U.S. at 190 (to sue to enforce statutory compliance, plaintiff must demonstrate that "defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury is *certainly impending*" (italics added and citation omitted)).

Plaintiff's failure to show "certainly impending" harm or "substantial risk" of a future harm is borne out by the cases he cites. In *Susan B. Anthony List*, the Court quoted *Clapper* and reiterated that "[a]n allegation of future injury may suffice [for standing] if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." 134 S. Ct. at 2341 (citing *Clapper*, 133 S. Ct. at 1150). The Court then held that plaintiffs facing criminal prosecution for allegedly constitutionally protected speech could establish standing by demonstrating a substantial threat of imminent prosecution. *Id*. at 2342-46. The Court reasoned that such plaintiffs "should not be required to await and undergo a criminal prosecution as the sole means of seeking relief" and that the chilling effect the threat of prosecution had on their speech is itself a form of injury-in-fact. *Id*. at 2343, 2345-46. The decision is inapposite, as Plaintiff does not face prosecution or a chilling effect on constitutionally protected activity.

In *Monsanto*, the Court held that farmers of non-genetically-modified alfalfa had standing to challenge a federal agency's decision to deregulate the cultivation of genetically-modified alfalfa. 561 U.S. at 144. Importantly, it was not the mere *risk* of contamination of the farmers' crops by the genetically-modified alfalfa that conferred standing. Instead, because of the risk of contamination, the farmers were *unable* to continue to market their products as non-genetically-engineered without incurring costs (the harm) to test their crops for genetically modified alfalfa. *Id.* at 153-54. This was an *actual*, *present* injury necessarily caused by the risk of contamination.

In contrast, Plaintiff's Complaint solely contains speculation about what third parties *might possibly do* with the Accessed Information (and says nothing about what has already happened that might support an "imminency" finding for future harm). (*See, e.g.*, Rec. Doc. 1 ("Compl.") ¶ 33 (alleging that the thieves "*may* hold the information for later use, or continue to sell it between identity thieves" (emphasis added)); *see also id.* ¶¶ 21, 33 (alleging that

individuals whose personal information is stolen have approximately ten times greater risk of identity fraud.)   Indeed, Plaintiff *concedes* that his allegations of identity fraud are mere speculation, admitting that he and the putative class may "never [be] subject to active identity fraud."  (Compl. ¶¶ 74, 84.)   Moreover, Plaintiff does not allege that his password has been decrypted or used, or even that if a third party was to decrypt his password and log into his eBay account, sensitive financial information would be visible (it would not).

### 2. Plaintiff's Alleged Mitigation Costs Do Not Confer Standing.

Nor can Plaintiff manufacture standing by voluntarily incurring costs to "mitigate" the speculative possibility of future injury following a cyberattack in which no financially sensitive data was accessed.  (MTD at 9); *Clapper*, 133 S. Ct. at 1151 (plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending").   Although Plaintiff cites *Monsanto* for the proposition that voluntarily incurred costs can confer standing (Opp. at 12-14), in *Monsanto*, the costs the farmers incurred were *necessary* to continue to market their crops as not genetically modified. *See* 561 U.S. at 155 (respondents alleged that "[t]here is zero tolerance for contaminated seed in the organic market" and that as a result they "will need to test" their crops).   And the Court found standing based on this actual harm that was necessary to combat the risk of contamination.  *Id.* at 154 (finding that "respondents *would have to* conduct testing" and that "the risk of gene flow *will cause* them to take certain measures to minimize the likelihood of potential contamination and to ensure an adequate supply of non-genetically-engineered alfalfa" (emphasis added)).

Plaintiff here has made no such showing of actual harm.   But even if Plaintiff could establish standing based on having voluntarily incurred "mitigation" costs, he has not satisfied the *Iqbal/Twombly* pleading standard because he has not identified any specific costs that he has incurred or why he did so.  (MTD at 9; *see also* Opp. at 14 (stating only that Plaintiff "ha[s]

taken, and will take, the same type of mitigating action the farmers in *Monsanto* did," without

identifying what, if any, mitigating actions he has taken).)

### 3. Cases that Find Standing Where Sensitive Financial Information Is Stolen and Misused Are Inapplicable Here.

Plaintiff cites three cases in which courts have found standing based on an increased risk

of future harm.  (Opp. at 14-20 (citing *In re Sony Gaming Networks & Customer Data Sec.*

*Breach Litig.*, 996 F. Supp. 2d 942 (S.D. Cal. 2014); *Moyer v. Michaels Stores, Inc.*, No. 14 C

561, 2014 U.S. Dist. LEXIS 96588 (N.D. Ill. July 14, 2014); *In re Adobe Sys. Privacy Litig.*, No.

13-cv-05226-LHK, 2014 U.S. Dist. LEXIS 124126 (N.D. Cal. Sept. 4, 2014).)  As eBay noted in

its opening brief (MTD at 8), the information stolen in these other cases included *sensitive*

*financial information* that was *actually misused*.  In *Sony*, the court found standing based on an

increased risk of identity theft where credit and debit card information was stolen and some users

had already experienced unauthorized charges.  996 F. Supp. 2d at 961-63.  In *Moyer*, the court

found standing where plaintiff had already suffered fraudulent charges.  2014 U.S. Dist. LEXIS

96588, at *6, *18-19.  And in *Adobe*, the court found standing where hackers stole and decrypted

credit card numbers and had already misused the stolen information.  2014 U.S. Dist. LEXIS

124126, at *6-7, *27-28, *31-32.  These cases do not help Plaintiff because he has not alleged

that any financial information was accessed (it was not[4]), let alone that that information has

actually been misused to Plaintiff's detriment.

Plaintiff also cites two pre-*Clapper* decisions from courts in other circuits that held that

plaintiffs whose personal information was stolen had standing based on a risk of future harm.

(Opp. at 15, 18, 20 (citing *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010); *Pisciotta*

---

[4] In the eBay cyberattack, unauthorized hackers accessed a database that contained users' names, encrypted passwords, email addresses, physical addresses, phone numbers, and dates of birth (collectively, the "Accessed Information").  (Compl. ¶¶ 4, 18; MTD at 2.)

*v. Old Nat'l Bancorp*, 499 F.3d 629 (7th Cir. 2007)).)  Other courts have recognized that these cases failed to follow existing Supreme Court standing jurisprudence as reiterated in *Clapper*. *See, e.g.*, *In re SAIC Backup Tape Data Theft Litig.*, Misc. A. No. 12-347, 2014 U.S. Dist. LEXIS 64125, at *31-32 (D.D.C. May 9, 2014) (describing *Pisciotta* and *Krottner* as "at best, thinly reasoned" and declining to follow them); *Reilly v. Ceridian Corp.*, 664 F.3d 38, 44 (3d Cir. 2011) (pre-*Clapper* case describing *Pisciotta*'s and *Krottner*'s rationale as "skimpy" and noting their failure to analyze whether alleged injuries were "certainly impending").[5]  And both cases are factually distinguishable: each presented a significantly higher risk of injury to the plaintiffs because the stolen data was sensitive personal or financial information that criminals had exploited or could easily exploit.  *Krottner*, 628 F.3d at 1143 (criminal attempted to open bank account with plaintiff's social security number); *Pisciotta*, 499 F.3d at 631 (information included social security numbers, credit card numbers, and other financial account numbers).

### 4.    Plaintiff Cannot Demonstrate Standing Through Statistical Risk.

Plaintiff argues that he has established standing based on a risk of future injury because it is statistically likely that a "vast number" of putative class members will be "significantly harmed" by the data breach.  (Opp. at 9-10.)  However, to establish standing, Plaintiff must "allege and show that he personally suffered injury"; he "cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, even if the persons described in the class definition would have standing themselves to sue." *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) (internal quotations and citation

---

[5] *See also Strautins v. Trustwave Holdings, Inc.*, No. 12 C 09115, 2014 U.S. Dist. LEXIS 32118, at *16-23 (N.D. Ill. Mar. 12, 2014) (holding that *Clapper* made clear that *Pisciotta*'s implicit premise—any marginal increase in risk confers standing—is erroneous); *Remijas v. Neiman Marcus Grp., LLC*, No. 14 C 1735, 2014 U.S. Dist. LEXIS 129574, at *6 (N.D. Ill. Sept. 16, 2014) (noting that *Pisciotta*'s implicit holding that marginal increase in risk of future injury confers standing is "difficult to square with *Clapper*").

omitted).[6]  Thus, Plaintiff's discussion of statistics is entirely beside the point—even if he could establish some meaningful probability that some putative class members may be harmed in the future (he has not[7]), Plaintiff does not have standing unless he can show that he himself has suffered an injury-in-fact.  *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 356 (1996) (a putative class representative must demonstrate a personal injury, not claim injuries suffered by other unidentified class members he or she purports to represent); *Summers v. Earth Island Inst.*, 555 U.S. 488, 497-98 (2009) (rejecting argument that an organization could establish standing where "there is a statistical probability that some of [its] members are threatened with concrete injury"; for organization to have standing, at least one of its members needed to suffer *actual* injury).

Because Plaintiff does not have Article III standing, the Complaint must be dismissed under Rule 12(b)(1).[8]

---

[6] Plaintiff cites *In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), which observes that some circuits have certified Rule 23 classes even where it is "almost inevitable" that some class members were not injured.  (Opp. at 11-12 (citing *Deepwater*, 739 F.3d at 800).)  But *Deepwater* is clear that named plaintiffs must still have Article III standing to bring suit.  739 F.3d at 800.

[7] Plaintiff's statistics do not show a likelihood that class members have been injured.  He speculates that 36% of eBay users will experience fraud, with an average of $63 per person in losses.  (Opp. at 9-10.)  He obtained the $63 figure from a report that explained that "[t]he average cost to a consumer who falls victim to the fraudulent use of a credit card account is $63."  California Department of Justice, California Data Breach Report (2014), *available at* http://oag.ca.gov/sites/all/files/agweb/pdfs/privacy/2014data_breach_rpt.pdf  ("Harris Report").  But Plaintiff does not (and cannot) allege that users' payment card numbers were accessed in this cyberattack, rendering these statistics uninformative.

Similarly, Plaintiff contends that some class members are statistically likely to suffer fraud (Opp. at 10-11), but his own source shows that the likelihood is remote because payment card data was not compromised.  Harris Report at 16 (explaining that 36% of card breach victims experienced fraudulent use of their cards in 2013, compared to 5% for other customers).

[8] eBay also argued that Plaintiff cannot have Article III standing based on (1) alleged deprivation of the value of Plaintiff's personal information or (2) alleged overpayment for eBay's services.  (MTD at 5-12.)  Plaintiff does not provide any opposition to these arguments and thus waives them.  *See, e.g.*, *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000) (issues inadequately briefed are deemed waived); *L&A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (same); *Regmi v. Gonzales*, 157 F. App'x 675, 676 (5th Cir. 2005)

## B.      Plaintiff's Complaint Should Be Dismissed under Rule 12(b)(6).

### 1.      Negligence (Count I).

When faced with analogous (and, if anything, more troubling) allegations, courts in the Fifth Circuit have repeatedly held that under Louisiana law the mere theft of a plaintiff's personal information does not constitute actual damage sufficient to support a negligence claim. *See Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 713-16 (E.D. La. 2009) (although plaintiff's tax returns were stolen, plaintiff's "expenses related to credit monitoring to guard against future identity theft" did not constitute "actual damages" sufficient to sustain negligence claim); *Ponder v. Pfizer, Inc.*, 522 F. Supp. 2d 793, 797, 798 n.5 (M.D. La. 2007) (dismissing negligence claim for lack of damages because, although plaintiff's personal employment information may have been accessed and copied, an "injury accrues" in this context *not* "when the data are exposed" or "obtained by a third party," but "when the compromised data are actually used by a third party to steal someone's identity"); *Belle Chasse Auto. Care, Inc. v. Advanced Auto Parts, Inc.*, No. 08-1568, 2009 U.S. Dist. LEXIS 25084, at *2-3, *5, *8, *11 (E.D. La. Mar. 24, 2009) (noting that "under Louisiana law, damages must be proved with legal certainty" and dismissing negligence claim on the basis, in part, that plaintiffs did not allege "that any third party accessed their information and stole their identities" nor did they identify "any concrete financial loss" resulting from alleged security breach).

Plaintiff's attempt to distinguish these cases is unavailing.  His citation of out-of-state law (Opp. at 28-29) is irrelevant given how clear Louisiana law is on this issue.  And he mistakenly claims that none of the cases cited by eBay involved the theft of personal information by a third

---

(litigants' assertions deemed abandoned because "[t]his court requires arguments to be briefed to be preserved and issues not adequately briefed are deemed abandoned"); *Ramirez v. Ghilotti Bros., Inc.*, 941 F. Supp. 2d 1197, 1210 & n.8 (N.D. Cal. 2013) (failure to respond to argument concedes issue) (collecting cases); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same) (collecting cases).

party and therefore argues that the cases are inapplicable to his situation.  (Opp. at 27-28.)  The opposite is true—all three involved unauthorized third-party access to plaintiffs' personal information, and, in all three, the courts *dismissed* claims based on plaintiffs' alleged increased risk of identity theft and the resulting need for credit monitoring.[9]  *See Pinero*, 594 F. Supp. 2d at 714; *Ponder*, 522 F. Supp. 2d at 794-95; *Belle Chasse*, 2009 U.S. Dist. LEXIS 25084, at *2-3.

Moreover, Plaintiff does not address eBay's argument that he has not alleged facts establishing that eBay breached any duty to him by not preventing the attack (MTD at 16), but instead simply repeats his argument that eBay's encryption practices were substandard (Opp. at 28).  Such allegations are irrelevant because he does not and cannot claim that eBay's alleged failure to *encrypt* data enabled attackers to more easily gain unauthorized access to databases containing that data—data encryption does not prevent attacker access to data but rather makes it more difficult for attackers to use data once they have already obtained it.  (*See* Compl. ¶ 38.)

Finally, while Plaintiff alleges that the timing of eBay's customer notification constituted a breach of eBay's duties, he offers no response to eBay's arguments that his allegations are conclusory and fail to state a claim (MTD at 16-17) and thus concedes them.  (*See supra* note 8.)

## 2.    Stored Communications Act (Count II).

eBay argued that Plaintiff did not adequately allege many separate elements required to sustain his claim under 18 U.S.C. § 2702(a)(2) (MTD at 18-22), but Plaintiff has not even attempted to address two of eBay's arguments: that (1) Plaintiff inadequately alleged that eBay "knowingly divulge[d]" the Accessed Information to hackers; and (2) the Accessed Information does not receive § 2702(a)(2) protection because it is non-content information, rather than the

---

[9] Plaintiff claims, in his Opposition, that he alleged that "[third party hackers] have actually used" his information "and have caused damages."  (Opp. at 27.)  However, Plaintiff's Complaint contains no such allegations.  To the contrary, Plaintiff, like the plaintiffs in *Ponder*, *Pfizer*, and *Belle Chasse*, seeks damages based on an increased risk of identity theft and the costs of credit monitoring.  (*See* Compl. ¶¶ 34, 61, 87, 120.)

"contents of any communication."  Plaintiff's failure to address these arguments alone warrants dismissal of this claim.  (*See supra* note 8.)

Nor has Plaintiff alleged that eBay provides users with remote computing service (RCS) as to the Accessed Information.  (MTD at 17-19.)  Section 2702(a)(2) covers only RCS providers that carry or maintain communications "*solely* for the purpose of providing storage or computer processing services to such subscriber or customer . . . ."  18 U.S.C. §§ 2711(2), 2702(a)(2) (emphasis added).  Plaintiff alleges that he provided the Accessed Information to eBay in order to "access eBay's website" and "buy/sell functions," not for storage or processing services.  (Compl. ¶¶ 43, 59; MTD at 18-19.)  eBay is thus not an RCS as to the Accessed Information.

Plaintiff also contends that he has stated a claim because "eBay's web site and its data storage systems, provide electronic communications between buyers and sellers of merchandise *via* eBay's remote computing services."   (Opp. at 34 (emphasis added).)   But § 2702 distinguishes between entities providing RCS (e.g., providing users with offsite computer storage or processing), which are governed by § 2702(a)(2), and entities providing "electronic communication service" (ECS) (e.g., the transfer of electronic messages), which are governed by § 2702(a)(1).  (MTD at 17 n.8, 22 n.9.)  Thus, Plaintiff's contention that his claim is based on "electronic communications" is unavailing for three reasons.  First, "electronic communications" are regulated by § 2702(a)(1), which governs only ECS providers' conduct.  But Plaintiff has not alleged that eBay provides ECS and explicitly "concedes" that his claim turns on whether eBay provides RCS.  (Opp. at 34.)  Second, Plaintiff cannot establish a violation of § 2702(a)(1) because he did not and cannot allege that electronic communications between eBay buyers and sellers were accessed during the cyberattack.  Finally, Plaintiff cannot establish a § 2702(a)(1) (ECS) claim because he has not adequately alleged that eBay "knowingly divulge[d]" the

"contents of a communication" as required for an ECS claim.  (MTD at 22 n.9.)[10]

### 3. Database Security Breach Notification Law (Count III).

Plaintiff continues to ignore the plain language of the Louisiana Database Security Breach Notification Law, which permits recovery only when a company stores, and hackers access, a specific set of "personal information," unambiguously defined in the statute to *exclude* the type of information Plaintiff claims is at issue in this case.  *See* La. Rev. Stat. Ann. § 51:3073(4)(a).  For this reason alone, Plaintiff's claim must be dismissed.[11]

### 4. Breach of Contract (Count IV).

Another court in this district has held, in a case very similar to this one, that "expenses related to credit monitoring to guard against future identity theft" cannot constitute damages sufficient to support a breach-of-contract claim.  *See Pinero*, 594 F. Supp. 2d at 718.  Tacitly acknowledging this bar to his claim, Plaintiff addresses the issue of damages by simply making a passing reference to his Article III injury arguments.[12]  (*See* Opp. at 24.)  However, as explained in *Pinero*, even arguments regarding "statistically certain" *future* damages cannot substitute for allegations of *actual* damages under Louisiana law.  *See Pinero*, 594 F. Supp. 2d at 718.

Moreover, Plaintiff still fails to identify any action by eBay that would constitute a

---

[10] Thus, the cases Plaintiff cites (Opp. at 34)—which analyze whether particular transmissions constitute "electronic communications" or whether entities provide "electronic communication service"—are irrelevant to his SCA claim against eBay.

[11] In addition, Plaintiff's attempt to distinguish the case law prohibiting recovery of his alleged damages fails.  The facts in *Ponder*, which was dismissed under Rule 12(b)(6)), are almost identical to those alleged here.  *See* 522 F. Supp. 2d at 796-98.  Plaintiff also fails to explain how the timing of eBay's notification was inadequate under the statute, which does not require immediate notification, but rather takes into consideration the "needs of law enforcement" and "any measures necessary to determine the scope of the breach, prevent further disclosures, and restore the reasonable integrity of the data system."  *See* La. Rev. Stat. Ann. § 51:3074(C).

[12] Plaintiff now claims to be seeking credit monitoring—mentioned nowhere in eBay's Privacy Policy—as "specific performance" of that policy, emphasizing the fact that Plaintiff is attempting a wholesale rewrite of the parties' contract.  (*See* Opp. at 23.)  Plaintiff is not asking for "specific performance," but rather for performance nowhere mentioned in the contract.

breach of eBay's Privacy Policy.  As explained in eBay's opening brief, the terms of the Privacy Policy are unambiguous and only obligate eBay to use the identified "technical and administrative security measures" to "reduce the risk" to Plaintiff's personal information.  (*See* MTD at 25-26; *see also* Compl. ¶ 69.)  Plaintiff concedes that he has not pleaded any failure by eBay to execute this obligation.  (Opp. at 24.)  Furthermore, he points neither to language in the Privacy Policy nor to case law that would support his attempt to expand eBay's obligation to include the provision of security as defined by "industry experts."  (*See id*.)  Given the unambiguous language of the parties' contract, Plaintiff's attempt to expand eBay's obligations beyond the contract's terms fails as a matter of law.  *See McGoldrick v. Lou Ana Foods, Inc.*, 649 So. 2d 455, 458 (La. Ct. App. 1994) ("Where the language of a contract is clear and unambiguous, it must be interpreted solely by reference to the four corners of that document."); *Creel v. Hartford Ins. Co.*, No. 06-5146, 2007 U.S. Dist. LEXIS 37585, at *4-7, *11 (E.D. La. May 22, 2007) (noting that "[t]he issue whether a contract is ambiguous is a question of law" and granting dismissal where plaintiffs could not point to a contractual provision that would obligate defendants to provide coverage for the damages alleged).

### 5.    Breach of Implied Contract (Count V).

Plaintiff concedes that "an implied contract action has no place where a real contract exists, as here."  (Opp. at 25.)  Plaintiff then further nullifies his implied contract claim by admitting that, under his theory, any "implied contract" would be the result of eBay's distribution of its updated Privacy Policy (Opp. at 25)—a written agreement containing only the unambiguous terms described above (*see supra* Section II.B.4.)  Thus, unless the Court were to somehow find that, contrary to the repeated assertions of both parties, no express contract covering the subject matter of Plaintiff's claims exists, Plaintiff's implied contract claim cannot survive the dismissal of his express contract claim.  *See Union Tex. Petroleum Corp. v. Mid La.*

*Gas Co.*, 503 So. 2d 159, 163, 165 (La. Ct. App. 1987) (dismissing *both* breach-of-contract and breach-of-implied-contract claims where plaintiff failed to allege all elements for breach of contract and the contract dealt with same subject matter as the alleged implied contract).

### 6.    Breach of Fiduciary Duty (Count VI).

Plaintiff does not address (and therefore concedes) his failure to allege facts establishing that eBay breached any fiduciary duty to protect his information or that he suffered any actual damages resulting from that alleged breach.  (*See supra* note 8.)  For these reasons alone, Plaintiff's breach-of-fiduciary-duty claim fails.  (*See* MTD at 27-28.)

Moreover, Plaintiff does not seriously contest the case law holding that the "obligation not to disclose confidential information to a third party, which arises from a single agreement or promise," does not "giv[e] rise to fiduciary duty upon which a cause of action may be made." *See Jobe v. ATR Mktg., Inc.*, No. 96-3396 Section C, 1998 U.S. Dist. LEXIS 18171, at *23 (E.D. La. Nov. 13, 1998); *see also Omnitech Int'l v. Clorox Co.*, 11 F.3d 1316, 1330-31 (5th Cir. 1994) (defendant owed plaintiff no fiduciary duty despite defendant's disclosure of confidential information).  Plaintiff's attempt to distinguish these cases on the ground that the confidential information at issue involved "trade secrets" is unavailing—it was the failure to establish the existence of a relationship of trust between the parties, not the nature of the confidential information, that informed these holdings.  *See Jobe*, 1998 U.S. Dist. LEXIS 18171, at *23; *Omnitech*, 11 F.3d at 1330-31.  Additionally, despite Plaintiff's attempt to shoehorn his situation into one of the recognized fiduciary duty relationships described in *Omnitech*, Plaintiff does not allege that eBay "transacted business" or "handle[d]" money" for the benefit of others.  (*See* Opp. at 26 (claiming that eBay "handled plaintiffs' data . . . for eBay's financial benefit").)

### 7.    Breach of Bailment (Count VII).

Courts that have considered the issue in the context of a data breach have concluded that

personal information cannot serve as the subject of a bailment.  *See, e.g.*, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 974-75 (S.D. Cal. 2012) ("[T]he Court is hard pressed to conceive of how Plaintiffs' Personal Information could be construed to be personal property so that Plaintiffs somehow 'delivered' this property to Sony and then expected it to be returned."); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1126 (N.D. Cal. 2008) (same).  Plaintiff's argument mischaracterizes the cases he cites, all of which involved not the bailment of personal information, but the bailment of *tangible property* containing information.  *See Bridge Tower Dental, P.A. v. Meridian Computer Ctr., Inc.*, 272 P.3d 541, 546 (Idaho 2012) (parties agreed that a bailment was created where plaintiff entrusted defendant with hard drives containing data); *Shmueli v. Corcoran Grp.*, 802 N.Y.S.2d 871, 877-78 (N.Y. Sup. Ct. 2005) (plaintiff alleged that defendant denied her access to her client list by changing plaintiff's computer password, thereby preventing plaintiff from accessing her client list); *David Barr Realtors, Inc. v. Sadei*, No. 03-97-00138-CV, 1998 WL 333954, at *1, *3 (Tex. Ct. App. June 25, 1998) (bailment was created when defendant's computers "were removed from his apartment and held at appellant's offices").  No such tangible property is at issue here.

Additionally, Plaintiff still fails to explain how alleging that his personal information was accessed "without authorization" establishes either that eBay failed to return his information at the end of the bailment or that eBay returned it in a damaged state.  (*See* MTD at 29.)

## 8.    Gramm-Leach-Bliley Act (Count VIII).

Plaintiff's Opposition only reinforces that his GLBA claim should be dismissed.  First, Plaintiff correctly concedes that no private right of action has been recognized, and he provides no basis for finding that one exists.  (Opp. at 38; *see also* MTD at 29-30.)  The GLBA itself clearly contemplates that the government, not private individuals, will enforce its requirements. 15 U.S.C. § 6805 (GLBA "shall be enforced" by specified governmental agencies).  Moreover,

Plaintiff has not addressed—and has thus conceded—eBay's arguments that (1) even if Plaintiff could bring a private action, he has not alleged that *eBay* violated the GLBA, and eBay cannot be held liable for subsidiary PayPal's activities; and (2) in any case, Plaintiff does not allege that any PayPal data was accessed in the cyberattack.  (MTD at 30; *see supra* note 8.)

### 9.  Privacy Laws of States Other than Louisiana (Count IX).

Plaintiff's claim for violation of numerous state data breach notification laws fails for several reasons.  As discussed above, he has not stated a claim under Louisiana law.  (*See supra* Section II.B.3; MTD at 22-25.)  Moreover, he has not addressed (and has thus conceded) eBay's argument that the entire claim must be dismissed as inadequately pled: his skeletal listing of numerous statutes without identifying which obligations eBay violated and alleging supporting facts violates Rule 8.[13]  (MTD at 31; *see supra* note 8.)

eBay also argued that the non-Louisiana portion of this claim must be dismissed because Plaintiff lacks standing to allege claims under the laws of states where he does not reside or allege he was injured.  (MTD at 13-14, 31.)  Plaintiff tacitly concedes this, admitting that eBay "is correct that the additional [non-Louisiana] laws cited might not apply to plaintiff, Collin Green, residing in Louisiana," and that "Count IX was included to demonstrate that [other jurisdictions] have recognized the growing crisis involving identity theft[.]"  (Opp. at 30.)

Plaintiff nonetheless insists that the Court should defer until class certification the question of whether he has standing to represent unnamed class members in asserting claims based on other states' laws, citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), and *Ramirez v. STi Prepaid LLC*, 644 F. Supp. 2d 496, 505 (D.N.J. 2009), among other cases.  (Opp. at 30-31.)  In *Ortiz*, the central issue was whether a settlement class could be certified.  527 U.S. at

---

[13]  Plaintiff did not even conduct a cursory investigation of the statutes listed in Count IX: numerous statutes that he listed do not provide a private right of action, and one statute was repealed before he filed his Complaint.  (MTD at 32 & n.12.)

821.   While objectors did not dispute the named plaintiffs' standing, they argued that the settlement was improper because many absent class members had not been injured and thus lacked standing.  *Id.* at 831.  The Court first addressed whether the class should be certified before determining whether absent class members had standing, noting that the former inquiry was "logically antecedent" to the latter.  *Id.*  As one district court has summarized, this was because, "[h]ad the Court found that certification of the proposed class was improper, the issue of certain [unnamed] class members' standing would have been moot."  *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 153 (E.D. Pa. 2009) (citing *Ortiz*, 527 U.S. at 831).  To rule first on unnamed class members' standing "would have required the Court to make a determination as to the standing of persons who were not actually parties to the case, but who were only proposed parties to the case."  *Id.*

Thus, while the general rule is that the "threshold issue" of named plaintiffs' standing is considered at the motion to dismiss stage, *see id.* at 152, 157-58, *Ortiz* crafts a limited exception (not applicable here) that allows deferral of the question of absent class members' standing until class certification.  *See Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 n.8 (5th Cir. 2002); *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 333 n.2 (5th Cir. 2002); *Easter v. Am. W. Financial*, 381 F.3d 948, 962 (9th Cir. 2004).  Here, the issue is whether *Plaintiff* can assert claims under laws under which he himself does not have standing to sue, which is a completely different issue from the question answered at the settlement class certification stage in *Ortiz*: namely, whether *absent class members* have standing to sue under those laws.

The District of New Jersey court in *Ramirez*, on the other hand, overlooked the fact that standing for each claim must be assessed separately, *see DaimlerChrysler Corp.*, 547 U.S. at 352-53; *Griffin*, 823 F.2d at 1483, and that to establish standing, a plaintiff must "allege *personal*

injury," *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 598 (2007) (emphasis added).  *See Ramirez*, 644 F. Supp. 2d at 504-06.  Plaintiff here does not have standing to assert claims under the laws of other states since he has not personally been injured by the alleged violation of those laws.  (MTD at 13-14.)

Thus, this Court should assess Plaintiff's standing to sue under each of the statutes for which he seeks to bring claims and reject Plaintiff's attempt to misuse *Ortiz* to defer that question until class certification.  *See Wellbutrin*, 260 F.R.D. at 153-54, 157-58; *Smith v. Pizza Hut, Inc.*, No. 09-1632, 2011 U.S. Dist. LEXIS 76793, at *24-31 (D. Colo. July 14, 2011); *Pitre v. Yamaha Motor Co.*, No. 13-5327, 2014 U.S. Dist. LEXIS 138635, at *55-61 (E.D. La. Sept. 30, 2014) (granting motion to dismiss Louisiana plaintiffs' non-Louisiana state claims for lack of standing and rejecting plaintiffs' argument that the standing inquiry should be deferred until class certification).[14]

Accordingly, this Court should dismiss Plaintiff's claim (1) because he has not stated a claim under the Louisiana data breach statute; (2) for conceded failure to satisfy Rule 8; and (3) for lack of standing to assert claims under the laws of jurisdictions under than Louisiana.

### 10.   Fair Credit Reporting Act (Count X).

Plaintiff's Opposition does not resolve the fatal deficiencies in his FCRA claim.[15]  First, despite eBay's invitation, Plaintiff still has not identified which FCRA section he believes eBay has violated.  eBay thus remains unable to determine the factual or legal basis for his claim.  (MTD at 33.)  While Plaintiff contends that eBay is liable for FCRA violations as a "user" of

---

[14] *See also, e.g., In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 653-59 (E.D. Mich. 2011); *Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1106-07 (N.D. Cal. 2007); *Stone v. Crispers Rests., Inc.*, No. 06-cv-1086, 2006 U.S. Dist. LEXIS 71997, at *2-4 (M.D. Fla. Oct. 3, 2006).

[15] To the extent that Plaintiff's claim against eBay is based on the alleged actions of its subsidiary, PayPal, the claim is improper and should be dismissed.  (MTD at 33 n.13.)

consumer information, he does not describe those purported violations or identify the relevant sections of the FCRA.  (Opp. at 36.)  Plaintiff also cites without discussing 15 U.S.C. § 1681c(g), which requires businesses accepting payment cards not to print more than five digits of the card number or the expiration date on electronically printed receipts provided to cardholders.  But this section is irrelevant to Plaintiff's claims, particularly where, as here, documents incorporated by reference into the Complaint establish that payment card information was not compromised. (MTD at 30; Compl. ¶ 13 n.1; Rec. Doc. 23 (Request for Consideration of Documents) Ex. D.)

Second, if Plaintiff were to bring a FCRA claim (as some plaintiffs have) alleging that the defendant is a "consumer reporting agency" that improperly "furnished" a "consumer report" to the hackers who stole the information at issue in violation of 15 U.S.C. § 1681b, that claim would fail because (1) eBay is not a "consumer reporting agency"; (2) the Accessed Information is not a "consumer report"; and (3) eBay did not improperly "furnish" a consumer report to the hackers.  (MTD at 33-36.)  Indeed, Plaintiff does not meaningfully address,[16] and thereby concedes, the arguments that eBay is not a consumer reporting agency and that eBay does not "furnish" consumer reports.  (*See supra* note 8.)

Plaintiff apparently contends that the Accessed Information is a "consumer report" because "at least thirteen (13) other categories of personal information including, credit card and bank account numbers are collected by eBay and were also possibly compromised and stolen."

---

[16] Plaintiff's entire argument that eBay is a consumer reporting agency relies on one case that did not involve a data breach and that held that foreign corporations providing check-verification services violated the FCRA by inaccurately identifying the plaintiff as a first-time check writer. (Opp. at 36-37 (citing *Beaudry v. Telecheck Services, Inc.*, 579 F.3d 702, 704 (6th Cir. 2009)).)

As eBay previously argued, Plaintiff's allegation that eBay "knowingly divulged" confidential information to third parties by failing to provide commercially reasonable security protocols (Opp. at 38) is conclusory, implausible, and inconsistent with his allegations that "identity thieves" accessed eBay's network "without eBay's permission."  (MTD at 19-20 (citing Compl. ¶¶ 4, 18).)  Moreover, "knowingly divulg[ing]" information is not an element of a § 1681b claim.

(Opp. at 37.) But Plaintiff has not alleged that such information was actually stolen, and documents incorporated by reference into the Complaint illustrate that he cannot. (MTD at 30.) And as set forth in eBay's opening brief, the Accessed Information is not a "consumer report" because: (1) it does not bear on a consumer's credit, general reputation, personal characteristics, or mode of living; and (2) it consists at most of "information . . . as to transactions or experiences between the consumer" and eBay, which is excluded from FCRA regulation. (*Id.* at 35.)

       **C.**    **Each of Plaintiff's Claims Should Be Dismissed with Prejudice.**

      As confirmed by Plaintiff's Opposition, his claims are not based on any injury-in-fact that he has personally suffered, but on a speculative *possibility* of *future* injury that some percentage of the proposed class *may* suffer. Plaintiff makes no indication in his Opposition that he would or could remedy this fatal flaw by amending his Complaint (and he has not, for example, filed an amendment under Rule 15(a)(1)(B) after receiving eBay's Motion to Dismiss). His only mention of amendment is his request for leave to add plaintiffs from states other than Louisiana so that those plaintiffs may assert claims under the privacy statutes of their own states. However, the addition of similarly situated out-of-state plaintiffs would not remedy *Plaintiff's* fundamental inability to establish an Article III injury *for himself*, and any claims by these new plaintiffs would suffer from the same deficiencies as Plaintiff's claims under Louisiana law. Because amendment would be futile, leave to amend should be denied. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1162 (5th Cir. 1979); *Brockman v. Tex. Dep't of Crim. Justice*, 397 F. App'x 18, 23 (5th Cir. 2010) (dismissal with prejudice proper where plaintiff "did not provide any indication" of what allegations she would have added to her complaint to state a claim).

**III.**    **CONCLUSION**

      For the reasons above and in eBay's opening brief, Plaintiff's Complaint should be dismissed with prejudice.

Dated: November 25, 2014                    Respectfully Submitted,

**COOLEY LLP**

/s/ Matthew D. Brown

**MICHAEL G. RHODES (*Pro Hac Vice*)**
**MATTHEW D. BROWN (*Pro Hac Vice*)**
**BENJAMIN H. KLEINE (*Pro Hac Vice*)**
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2188
Facsimile:  (415) 693-2222
Email:       rhodesmg@cooley.com
             brownmd@cooley.com
             bkleine@cooley.com

**Lead Counsel for Defendant eBay Inc.**

**FRILOT L.L.C.**

**KERRY J. MILLER (#24562), T.A.**
**JOSEPH N. MOLE (#09538)**
**HEATHER MCARTHUR (#32897)**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile:  (504) 599-8100
Email:       kmiller@frilot.com
             jmole@frilot.com
             hmcarthur@frilot.com
**Local Counsel for Defendant eBay Inc.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system on the 25th day of November, 2014.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                          /s/ Matthew D. Brown
                          Matthew D. Brown

111984823